[Civ. No. 15072.   First Dist., Div. Two.   Sept. 17, 1952.]

MARGARET MUSSER DIENELT, Appellant, v.
THE COUNTY OF MONTEREY, Respondent.

Edmond M. Sullivan for Appellant.

Burr Scott, District Attorney, for Respondent.

JONES, J. pro tem.—This is an action for declaratory relief and arises out of a controversy between the county of Monterey and the plaintiff with respect to the effect of a zoning ordinance of said county upon the property of plaintiff. The case was submitted to the trial court upon a stipulation of facts, and the court found substantially the facts so stipulated. From the facts found the court concluded that the property of plaintiff was being put to a use condemned by the ordinance and entered judgment accordingly. The plaintiff then moved, in accordance with the provisions of sections 663 and 663a of the Code of Civil Procedure, to vacate and set aside the judgment upon the ground that the conclusion reached by the trial court is erroneous and is inconsistent with and not supported by the findings of fact. This motion was denied. The appeal is from the order denying the motion and also from the judgment. For reversal appellant urges the same grounds as were urged in support of the motion. No point is made that the findings are not in accordance with the stipulated facts. As identical grounds are urged for a reversal of the order as are urged for a reversal of the judgment, what is said with respect to the one applies as well to the other.

The property of plaintiff comprises about 50 acres of land situate adjacent to city of Carmel-by-the-Sea and within Monterey County. It is known as "The Mission Ranch." The property is improved with numerous buildings and is devoted to resort purposes, and has been licensed under the Alcoholic Beverage Control Act for the sale of liquors thereon since 1935. Food, lodging, entertainment, sports and recreation generally are furnished to the public by the plaintiff. The property is situated in a residence zone as established by the ordinance in question, and as the court found, "It is agreed that the . . . district in which the premises owned by the

plaintiff are situated, does not permit the use and business enterprise to which the plaintiff's premises are devoted.''

The validity of the county zoning ordinance is not questioned, and it is conceded that plaintiff's use of the property is a nonconforming use. We are concerned primarily with the question as to whether, under the terms of the ordinance, certain alterations of the premises made by plaintiff effect an expansion of this nonconforming use.

The material provisions of the ordinance as found by the trial court are, that, ''Except as otherwise provided in this section, (section 33) the lawful use of land existing at the time of the adoption of this Ordinance, although such use does not conform to the regulations specified by this ordinance for the district in which such land is located, may be continued; provided, however, that no such nonconforming use shall be enlarged or increased, nor shall any such nonconforming use be extended to occupy a greater area of land than that occupied by such use at the time of the adoption of this ordinance; . . . No existing building designed, arranged, or intended for or devoted to a use not permitted under the regulations specified by this ordinance . . . shall be *enlarged, extended, reconstructed,* or *structurally altered* unless such use is changed to a use permitted under the regulations specified by this ordinance . . .'' (Emphasis added.)

By its finding numbered V the court found that: ''On or about the first day of August, 1950, adjacent to one of said buildings located on plaintiff's said property, the plaintiff caused to be placed an area of concrete, rectangular in shape, approximately thirty (30) feet by fifty-two (52) feet, having a thickness of approximately four (4) inches, in which concrete are laid pipes for the purpose of providing heat to said concrete area. In addition thereto the plaintiff caused this concrete area to be surrounded on three (3) sides by a wall of wood and glass. There is no roof or covering over this area.''

The conclusion which appellant contends is inconsistent with and not supported by the findings of fact is, ''Whereupon the court concludes that the construction and maintenance of the concrete area by the plaintiff, together with the surrounding wall of wood and glass, is and constitutes a violation of Section 33 of the so-called Zoning Ordinance of Monterey County, being known as Ordinance No. 568.''

It cannot be consistently contended that the addition of 1,560 feet of heated floor space would produce a diminution of plaintiff's nonconforming business, or, if, as appellant

argues but the findings do not disclose, the improvement was merely the substitution of warmed concrete floor for flagstones, that it was not a *reconstruction* in violation of the zoning ordinance. ■ The ultimate purpose of zoning is to confine certain classes of buildings and uses to particular localities and to reduce all nonconforming uses within the zone to conformity as speedily as is consistent with proper safeguards for the interests of those affected. Any change in the premises which tends to give permanency to, or expands the nonconforming use would not be consistent with this purpose. ■ As is said in *County of San Diego v. McClurken,* 37 Cal.2d 683, 687 [234 P.2d 972], "Given the objective of zoning to eliminate nonconforming uses, courts throughout the country generally follow a strict policy against their extension or enlargement."

■ The facts found by the trial court indicate an enlargemen of the nonconforming use of the premises by the appellant, and positively establish an expansion in the area devoted to such use. It follows that the conclusion of the trial court that the improvement constitutes a violation of the zoning ordinance of the defendant county is correct.

The order and judgment appealed from are affirmed.

Nourse, P. J., and Dooling, J., concurred.