[Civ. No. 20142.   First Dist., Div. One.   Aug. 9, 1962.]

THE CITY OF LOS ALTOS, Plaintiff and Respondent, v. LECROYE SILVEY et al., Defendants and Appellants.

Gardner Bullis and James D. Hammond, Jr., for Defendants and Appellants.

Anthony A. Lagorio, City Attorney, and Robin D. Faisant for Plaintiff and Respondent.

DEVINE, J.*—A preliminary injunction was issued against defendant Silvey restraining him from leasing part of his real property on Mountain View-Stevens Creek Road as a manufacturing and sales yard, and against the lessee, Dawes, directing him to desist from the use and to remove equipment, inventory and machinery from the premises. The owner appeals. The injunction was issued because the court impliedly found that the use of the premises for manufacture and sale of .boats and boat trailers violates the zoning ordinance of the City of Los Altos which became effective March 10, 1959, and which prohibits the use of the land for any use except single family residential. The land was in a tract that had been annexed to the city in 1956.

*Assigned by Chairman of Judicial Council.

The building on the premises was constructed as a winery in 1886 and was used for its original purpose until 1937. Thereafter it was used variously as a storehouse, a factory for house trailers, and a factory for frames and screens. From 1951 to 1958 the property was leased to Paul Masson, who used it for bottling, labeling and crating of wines. An officer of Masson testified that it was a big bottling operation, with machinery like that used in canning, operated by steam, with a "lot of noise," and that all kinds of trucks came in and out, carrying containers of wine. It operated five days a week. At the end of 1958, Masson moved its operation to a newly finished plant, removing all of the machinery but not the boiler. When the zoning ordinance went into effect, the premises were idle and had been idle for a time not exactly defined, but at least two months. The building remained vacant, although defendant was making efforts to rent it, until March 1960 when it was rented to Dawes, operator of the boat and trailer business.

In the operation of the boat and trailer business, use was made of a joiner, electric power saws, air sanders and welding equipment. Mr. Dawes, who conducts the business, testified that it is of the type that a person who had a hobby building boats in his garage would have, that there is no noise to disturb anyone, that the average number of men working at the plant is four, who park their automobiles on the lot during the day, and that about ten boats and thirty trailers have been manufactured in one year. The steam boiler is used for heating and for cleaning things. Retail sales take place at the plant occasionally. No neighbor or other person has made complaint to him. The building is in the center of a 22-acre parcel which is owned by defendant Silvey.

Although the appeal is from the order granting a preliminary injunction, it was stipulated by the parties at oral argument that the law of the case shall be established on this appeal, so that our determination shall in effect decide whether a permanent injunction shall issue. The question before us is whether the court, in enjoining the use to which the property has been put, acted without substantial evidence to show that this use is not of such similar character to that preceding the zoning as to constitute a continuing nonconforming use. Appellant concedes that whatever use for manufacturing purposes was made of the premises prior to 1951 has no effect in establishing a nonconforming use, and relies on the bottling operation as a use similar to that of the boat manufacturing.

On the other hand, respondent makes no point of the lapse of time between removal of the bottling plant and either the effective date of the zoning ordinance or the commencement of the boat manufacturing business, but relies on dissimilarity of the uses.

We hold that the court's order is sustained by the evidence. Discontinuance forthwith of a nonconforming use which is not a nuisance and which existed when the ordinance was adopted is a deprivation of property without due process of law (*McCaslin* v. *City of Monterey Park*, 163 Cal.App.2d 339, 347 [329 P.2d 522]), but it is the purpose of zoning to eliminate nonconforming uses as rapidly as is consistent with the rights of the owners (*Edmonds* v. *County of Los Angeles*, 40 Cal.2d 642, 651 [255 P.2d 772]; *County of San Diego* v. *McClurken*, 37 Cal.2d 683, 686 [234 P.2d 972]; *County of Orange* v. *Goldring*, 121 Cal.App.2d 442, 446 [263 P.2d 321]). Changes or additions to the existing use are not protected which make the use more noisome (*County of Orange* v. *Goldring, supra*, p. 446), or which enlarge it or tend to make it more permanent (*Dienelt* v. *County of Monterey*, 113 Cal. App.2d 128, 131 [247 P.2d 925]; *Paramount Rock Co.* v. *County of San Diego*, 180 Cal.App.2d 217, 229 [4 Cal.Rptr. 317]).

Appellant argues that the present use is essentially similar to the prior one; that it is less, rather than more, annoying to anyone; that there is no enlargement of area, reconstruction of the building or other augmentation of the use, and that thus the case differs from cases such as those cited above. No evidence was produced tending to show that the new use is more disturbing to neighbors or to the public than was the former one, and, indeed, the evidence on this subject, though it was presented in rather compressed form, might well be held to have shown that the new use is less discommoding than the former one. The court did not make findings, for it was not required to do so in the matter of issuing a preliminary injunction, but we do not believe that it would have been the court's function to have made a determination on the relative incompatibility of the two uses with the zoning plan. The legislative body of the county having decided competently that the area is to be limited to residential use, and exception of a nonconforming use being preserved only as allowed by statute or as protected against a taking violative of due process of law, it would not be the court's

function to grant any other exception upon the ground of lesser noxiousness of the proposed exception.

Every intendment is in favor of the validity of zoning ordinances, and it is presumed that the enactment as a whole is justified under the police power and adapted to promote the public health, safety, morals and general welfare (*Lockard* v. *City of Los Angeles,* 33 Cal.2d 453, 460 [202 P.2d 38, 7 A.L.R. 2d 990]).

The court was well within its discretion in deciding, by implication since there were no express findings, that the bottling operation was sufficiently different from the boat manufacturing to cause the latter to be regarded as a new and different use. The bottling was but part of the production of wine, while the boat enterprise was complete; thus, it might well happen (as actually it did in this case) that the isolated part would be merged into the whole enterprise, and would be removed from the zoned area. Moreover, the very fact (assuming it to have been established) that the new operation may be immediately less incompatible with its surroundings might cause it to perpetuate itself, while the prior use would have withered away. Owners, lessees, or prospective lessees may well realize that it is unwise and uneconomic to be located in a district which probably will not be suitable for the nonconforming purpose (Metzenbaum, The Law of Zoning, Vol. 2, p. 1211), a realization more likely when the use more flagrantly conflicts with the pattern of the zoning. These are some considerations which prevent our holding that the trial court abused its discretion in granting the injunction in pursuance of the zoning ordinance.

Appellant places much reliance on the case of *Endara* v. *City of Culver City,* 140 Cal.App.2d 33, 38 [294 P.2d 1003], in which the court stated: ''A nonconforming use is not restricted to the identical particular use which was in existence at the time of the enactment of the zoning ordinance but embraces any use substantially the same or similar.'' The court found, in that case, that the present use was substantially the same as before adoption of the zoning ordinances, there was no attack upon the findings, and judgment in favor of the owner was affirmed. The building had been designed and intended for manufacturing and storage purposes, and these uses had been continued; but adoption of more modern instrumentalities suitable for carrying on the same business was held not to work a change in use.

In determining whether a nonconforming use is the

same before as after the application of a zoning ordinance, each case must stand on its own facts (*Edmonds* v. *County of Los Angeles, supra,* 40 Cal.2d at p. 651). The trial court has found, by implication, that the uses are sufficiently dissimilar to withdraw the protection of a nonconforming use, and there is nothing in the record which compels us to hold otherwise.

The order issuing the injunction is affirmed, and in respect to the petition for permanent injunction the court is directed to proceed in accordance with this opinion.

Bray, P. J., and Sullivan, J., concurred.