## No. 20,661.

FIDELES WASINGER, ET AL., *v.* MARTIN P. MILLER, DISTRICT ATTORNEY IN AND FOR THE EIGHTEENTH JUDICIAL DISTRICT, STATE OF COLORADO.

(388 P. [2d] 250)

Mr. WALTER F. SCHERER, for plaintiffs in error.

Mr. MARTIN P. MILLER, District Attorney, pro se, Mr. H. E. CARLENO, Deputy, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THE question before us involves the alleged extension of a nonconforming use under the Arapahoe County Zoning Resolution and an order enjoining same. We shall refer to the two plaintiffs in error land owners as defendants or by name and defendant in error district attorney, who brought the action by virtue of C.R.S. '53, 106-2-24, as plaintiff.

The record, in a trial to the court, discloses that defendants bought the approximate 7.77 acres on Parker Road which is involved here in 1946 and soon thereafter used a small part of it for a garage building and some land for an automobile junk and storage yard. In January 1947 the land was first zoned and was placed in an A-3 Agricultural District. The zone was later changed to an A-1 Agricultural District but defendants' use con-

tinued to be non-conforming. In 1955 there was a court dispute as to defendants' right to operate under the zoning law and after trial their use was confirmed, however, no determination was made at that time as to whether it was all or a part of the land to which the use could be applied. The exact wording used by the court at that time, according to the "FINDINGS OF FACT" in the present case was:

"IT IS ORDERED, ADJUDGED AND DECREED that such use of the property is a non-conforming use and that this Court does not have jurisdiction to prohibit or restrict the same, and that the complaint be, and hereby is, dismissed."

The present action arose because prior to 1955, according to various complainants and witnesses, only a well defined part of the 7.77 acres was used for business by defendants, and since 1955 the entire area has gradually been filled with wrecked vehicles in alleged violation of the zoning resolution forbidding the expansion of a non-conforming use. The complainants asserted the number of vehicles on the land had increased from about 75 in 1955 to between 300 and 400 at trial time. Fideles Wasinger, one of the defendants, admitted an enlargement of numbers in the same period from an estimated 10 to 150 in 1955, depending on business conditions, to 250 to 300 vehicles in 1962. Defendants urge, however, that they have a legal right to use their entire tract for such business purposes because there was no physical division of their property and because of some strongly contested and rather unconvincing testimony that the disputed area had been used once in awhile for scattered junk and farm machinery storage prior to the 1955 judgment.

The trial court found a zoning violation had occurred, granted a preliminary injunction and ordered defendants restricted to their 1955 business area which it found to be 4.006 acres, leaving 3.351 acres for A-1 Agricultural uses.

Defendants seek relief from the above decree by writ

64

of error upon which supersedeas and a stay of execution were granted.

Four grounds are urged for reversal, which in substance are as follows:

(1) The admission in evidence of certain photographs purporting to show aerial views of defendants' property was error in that no proper foundation was laid;

(2) It was error to admit in evidence the reporter's transcript;

(3) The trial court's judgment is arbitrary, capricious and contrary to the evidence;

(4) The trial court erred in attaching to its judgment a diagram showing defendants' property.

For reasons which hereafter appear we conclude all four grounds to be without merit.

■ As to the aerial photographs, defendants object to Exhibits H, I, J and K because "The exhibits were never identified by any witness who either took the photos, or was present at their taking, or who could testify as to their fair representation of the depicted scenes." No objection is pursued in this court as to other photographs which were also admitted by the trial court to show the area involved as plaintiff's Exhibits E, F and G. These latter photos were identified by a witness-neighbor as having been taken almost immediately following the 1955 trial; they clearly show a well defined use by defendants of only a part of their land and demonstrate without doubt the same land shown in Exhibits H, I, J and K. It is true that the Exhibits objected to here were never identified in precise words as fair representations as should have been done. However, assuming that they were not properly admitted in evidence, nevertheless, even in their absence we have to conclude that there was other competent evidence for the trial court to hold that the use area itself had been improperly expanded by defendants.

■ As to the objection to the admission of the reporter certified transcript of the 1955 trial we note that it was

only objected to "as hearsay." Such records, if properly certified, tendered within the scope of the applicable rules, and relevant, are admissible as an official record of the same court after a proper foundation is laid. 20 Am. Jur. Evidence §§ 78, 86, 87; R.C.P. Colo. Rule 80(c). Since the stated reason for the record's use here was to show the scope of the 1955 judgment, which it failed to include, its admission was error—but harmless error. In this connection it should be noted that "the rule which precludes a court from taking judicial notice of its own records in other actions (unless properly introduced in evidence) does not prevent it from noticing the doctrine or rule of law adopted by the court in the first action and applying that principle under the theory of stare decisis in the second action." (Part in parenthesis added.) 20 Am. Jur. § 87 supra. So here, the trial court properly could and did take judicial notice of the fact that defendants had a right to a non-conforming use established by the 1955 action in its court and as to the wording used in that judgment which wording now needed interpretation. This had nothing to do with the erroneous introduction of the transcript here.

Was the trial court's judgment arbitrary, capricious and contrary to the evidence? We believe not.

This record is replete with examples of the defendants' actions in expanding both the commercial area and the quantity of the 1955 use for the storage of junked vehicles so can not be contrary to the evidence. Nor can it be said to be arbitrary or capricious when the evidence shows that defendants have expanded their business *onto other land they own* in violation of the County Zoning Resolution which provides that "Any non-conforming use may be continued in operation *on the same land area* * * * "; *and that land area occupied by a non-conforming use may not be increased.* (Ch. IV, Art. A, Sec. 1, Arapahoe County Zoning Resolution.) (Emphasis supplied.)

By way of example, the fact that a person may own 160 acres of land with a non-conforming use on a defined

40 acre part thereof can not in logic or law justify a claim of legal right to use all 160 acres for the non-conforming use. To so hold would defeat the very purpose of zoning laws and the theory of limited rights in exercising non-conforming uses. The same principle generally applies to smaller tracts such as that involved here.

■ It has long been acknowledged that a zoning resolution may legally restrict the right to extend or enlarge a non-conforming use. See for example: *Humphreys v. Stuart Realty Co.,* 364 Pa. 616, 73 A. (2d) 407, 409 (1950); *Dienelt v. Monterey County,* 113 Cal. App. (2d) 128, 247 P. (2d) 925 (1952); *Edmonds v. Los Angeles County,* 40 Cal. (2d) 642, 255 P. (2d) 772 (1953); *Orange County v. Goldring,* 121 Cal. App. (2d) 442, 263 P. (2d) 321, 323 (1953). 2 *Rathkopf, The Law of Zoning and Planning,* Ch. 59, Sec. 1, note 3, pages 59-2 et seq. (1962); 1 *Yokley, Zoning Law & Practice* § 153 (2d ed. 1953); *Bassett, Zoning* 105-116 (1940). *Rhyne, Municipal Law* §§ 32-28 (1957). In fact, non-conforming uses represent conditions which should be reduced to conformity as speedily as is compatible with justice. Also, the stopping of an expansion of a non-conforming use is not an arbitrary or unreasonable exercise of governmental power. *Colati v. Jirout,* 186 Md. 652, 47 A. (2d) 613 (1946); 101 *C.J.S.* Zoning § 79.

Here, defendants can not legitimately expand the ground area of their business operation beyond that used in 1955 unless and until their land is rezoned for such purposes.

■ As to the diagram attached to the judgment we conclude that it was not improper or error to incorporate it therein. The pleadings and evidence required the trial court to determine, first, whether defendants had expanded a non-conforming use and if so over what area; and, secondly, whether any expansion was lawful. The court having proper evidence to find that the use had been enlarged, then, had to decide how much it had been expanded before it could enjoin it. This it did, and if a

diagram, map. or other exhibit prepared by the court or under its direction accomplishes the purpose as part of the judgment so as to tell, or show defendants what they can and can not do, we can not see how it differs in result from the written word.

The judgment is affirmed.

MR. JUSTICE MOORE dissents.