## No. 24008

City and County of Denver, a municipal corporation; Anthony H. Jansen, Zoning Administrator of the City and County of Denver v. McDonald's Corporation, a Delaware corporation; Robert W. Haberl; Walter A. Haberl; Carl W. Reed and Glencoe, Inc.

(491 P.2d 1375)

Decided December 27, 1971. Rehearing denied January 17, 1972.

1

Max P. Zall, Robert M. Kelly, Earl T. Thrasher, for plaintiffs in error.

Wagner & Wyers, Harold B. Wagner, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

This is an appeal by the City and County of Denver from a decision denying injunctive relief to enforce zoning regulations in Block 10, Bellevue Addition in east Denver. Plaintiff-appellants are the City and County and the Zoning Administrator for the City and County. The defendant-appellees are the owners of the property, Robert and Walter Haberl; the lessee of the property, McDonald's Corporation; the sub-lessee, Carl W. Reed; and the lessee in possession, Glencoe, Inc.

The tract in question was assembled by the defendants Haberl from three separate parcels and subsequently let and

sublet as a single property to the other defendants.

The third parcel is adjacent to the south of the first two acquisitions. This rectangular lot had a 45.7-foot frontage on Glencoe and extended east 125 feet to the north-south center line. At the time of purchase, the northerly 20.7 feet of this lot, and the first two acquisitions, were zoned B-4. The southerly 25 feet, *the tract in question,* was zoned R-2, residential.

The reason for this split zoning derives from the original subdivision of Bellevue Addition into plots, rather than lots. This parcel (third) constitutes the southerly 20.7 feet of Plot 73, and the northerly 25 feet of Plot 74. Prior to any development or improvement, this entire area was zoned with the zoning district lines following the original subdivision plot lines. A zoning district line followed the boundary line between Plot 73 and Plot 74; accordingly, this caused this parcel to fall into the two zoning districts indicated above.

The defendants proceeded with plans to build and operate a restaurant on the entire assemblage. Toward that end they applied for building and zoning permits, setting forth complete descriptions of the property.

On being informed that the R-2 classification prohibited the south 25 feet from being used for restaurant purposes, the defendants withdrew their application and, in its stead, filed an application to amend the official zoning map of the city to rezone the south 25 feet B-4. The City Council on July 18, 1966, declined to do so. The defendants did not appeal this action of the City Council to the courts.

On October 6, 1966, the defendants made a second application for zoning and building permits. This application described the property as Plot 73, Block 10, Bellevue Addition, which as noted, was in fact zoned B-4. In other words, the legal description in the application sought a zoning permit only for that portion of the Haberl tract which was zoned B-4. Similarly, attached to the application was a map which showed planned construction on a parcel of land which extended 145 feet southerly from Colfax. The map did not show the 25-foot portion of the tract which was zoned

R-2. Elsewhere on the application "existing uses" were given as 5300 Colfax (the first parcel), 1480-84 Glencoe (the second parcel), and 1472 Glencoe (the third parcel), without reference to plot identity.

This application ultimately resulted in the issuance of a Building and Zoning Departments Certificate of Occupancy on April 14, 1967. This certificate also identified the property as Plot 73, Block 10, Bellevue Addition.

Sometime subsequent to issuance of the Certificate of Occupancy, the Department of Zoning Administration discovered that the defendants had paved over the 25-foot portion which was zoned R-2 and were in fact using it for parking in the conduct of their restaurant business. On April 28, 1967, the department issued an order to cease and desist. The defendants appealed to the Board of Adjustment. The Board affirmed the order and the Department of Zoning brought this action to enjoin the continued use of the R-2 tract.

 At trial the defendants argued, *inter alia,* that the R-2 zoning classification was arbitrary, unreasonable, and confiscatory as applied to the 25-foot strip since it effectively deprived them of any use of the property. That is, since the strip is too small to be used for residential purposes, then, if it cannot be joined with the parent strip in commercial use, it cannot be used at all. The trial court accepted defendants' argument and declined to issue the sought-for injunction. We disagree with the judgment of the trial court.

There is no dispute as to the fact that the property in question is and has been R-2, residential, since it was initially zoned, nor is there any dispute that the use to which the defendants had put the property is an unauthorized use. The City at this point argues that,

"Upon proof of a municipal zoning ordinance coupled with proof of violation thereof, plaintiffs were entitled to injunctive relief."

*Wasinger v. Miller,* 154 Colo. 61, 388 P.2d 250, is cited as authority in support of this argument. In *Wasinger* a similar situation existed. There the property owners sought to

extend the area of a non-conforming use in violation of the ordinance. Arapahoe County brought an action to enjoin the unlawful use by the defendants of their property. The trial court granted the relief sought and we affirmed its judgment.

At the point in the history of this controversy when the defendants applied for the rezoning of the south 25 feet, they could have raised the questions that they now seek to raise. In fact, they may have been raised. However, the record of those proceedings is not before us. The administrative determination having been adverse to the defendants' claim they should have pursued their remedy for a final determination of those issues in the courts. They elected not to pursue this course, but, on the contrary sought to circumvent the administrative determination by ignoring it.

It would appear that, rather than locate elsewhere, they elected to use the assembled property even though part of the last acquired parcel was not properly zoned for their proposed use. It must be assumed that they knew that their third acquisition straddled the zoning line and that that part which was zoned R-2 could not be used for B-4 purposes unless the Council rezoned it. This is self-inflicted hardship. *Madis v. Higginson,* 164 Colo. 320, 434 P.2d 705; *Levy v. Board of Adjustment,* 149 Colo. 493, 369 P.2d 991.

In effect, the defendants failed to pursue an available remedy and when their action was challenged by the City, they collaterally attacked the validity of the zoning of the subject property. We hold that they are estopped to raise these issues in this proceeding. The injunction sought by the City should have been granted. *Wasinger v. Miller, supra.*

The judgment is reversed and the cause remanded for further proceedings not inconsistant with the views expressed herein.

MR. JUSTICE DAY, MR. JUSTICE GROVES, and MR. JUSTICE ERICKSON concur.