**DENVER POLICE PROTECTIVE ASSOCIATION, a Colorado nonprofit corporation, Plaintiff-Appellant,**

v.

**The CITY AND COUNTY OF DENVER, The Board of Adjustment Zoning in and for the City and County of Denver, and Charles Cousins, Marjorie Hornbein, Lawrence Henry, Ernest Capillupo, and Franna Mace, as members thereof, The Department of Zoning Administration and Dorothy Nepa, as Director thereof, Defendants-Appellees.**

No. 84CA0851.

Colorado Court of Appeals, Div. I.

Oct. 3, 1985.

Dill, Dill & McAllister, P.C., Lucien J. Dhooge, Jon Stonbraker, Denver, for plaintiff-appellant.

Stephen H. Kaplan, City Atty., John L. Stoffel, Jr., Asst. City Atty., Denver, for defendants-appellees.

SMITH, Judge.

The Denver Police Protection Association (D.P.P.A.) appeals an order of the district court affirming a decision of the Board of Adjustment-Zoning (Board) upholding the denial by the City's Department of Zoning Administration (Department) of D.P.P.A.'s applications for certain use permits. D.P.P.A. claims that the Board abused its discretion in upholding the Department's rulings and that the Department violated D.P.P.A.'s due process rights by unilaterally rescinding a use permit which had been issued two days previously. D.P.P.A. also claims that it is entitled to the expanded use permit as a matter of law. We affirm.

D.P.P.A. is a fraternal association of Denver Police Officers that owns and operates a building it uses for various organizational and social functions. D.P.P.A. has sometimes obtained "Special Events Permits" so that members may serve 3.2% beer at their parties, weddings, and dances. D.P.P.A. desired to expand its ability to serve alcohol by acquiring a Club Class Liquor License for vinous and spiritous beverages.

D.P.P.A.'s use of its premises is a non-conforming use under Denver Revised Municipal Code 59, et seq., in that it represents the operation of a non-governmental community center in an R–2 zoning district. D.P.P.A. applied for a use permit from the Department permitting it to add a Club Class Liquor License to its existing use. The Department of Zoning Administration denied D.P.P.A.'s application because, it found, the addition of the liquor license would change or expand the aspect and character of the non-conforming use.

D.P.P.A. appealed the denial of its application to the Board. There, D.P.P.A. argued that it did not intend to change its activities, that it would not construct a bar but would instead use a portable bar, and that it would not increase its activities because the bar would not be open on a daily basis. Two neighborhood leaders opposed D.P.P.A.'s application. The Board affirmed the Department's denial of D.P.P.A.'s application.

D.P.P.A. then filed a second application for a use permit with the Department seeking to change its non-conforming use as a community center to a non-conforming use as a club or lodge with a Club Class Liquor License where only members and guests of the club would be served liquor. While the Department initially indicated approval of that use permit, it rescinded its approval two days later.

D.P.P.A. then filed a second appeal with the Board. The Board, after hearing, affirmed the denial of the second use permit application, and D.P.P.A. sought relief under C.R.C.P. 106(a)(4) and 57(b) in the district court relative to both denials.

I.

D.P.P.A. argues that the district court erred in refusing to overrule the Board's denial of its use permit applications because the Board's ruling was arbitrary, capricious, and unsupported by competent evidence in the record. We disagree.

■ A reviewing court may not substitute its judgment for that of a zoning board or disturb an exercise of such board's discretion in zoning matters unless the board has clearly abused its discretion. *Monte Vista Professional Bldg., Inc. v. City of Monte Vista,* 35 Colo.App. 235, 531 P.2d 400 (1975); C.R.C.P. 106(a)(4). The proper function of the district court is to affirm a zoning decision by a board of adjustment if the board has jurisdiction and if there is any competent evidence to support the board's decision. *Bauer v. City of Wheatridge,* 182 Colo. 324, 513 P.2d 203 (1973).

Although the Denver Revised Municipal Code 59–631(b) provides for the continuance of non-conforming uses, it restricts such uses by providing: "[T]he continuance authorized hereunder shall not be construed to permit ... any change whatsoever in any aspect of and feature of or the character of the non-conforming use."

Here, the Board concluded that adding a Club Class Liquor License to D.P.P.A.'s non-conforming use would change the aspect and character of the non-conforming community center use by permitting the serving of liquor on a daily basis, by adding to the traffic in the area, and by overuse of the property.

■ Based upon our examination of the record, we agree with the holding of the district court that there is competent evidence in the record to support the Board's decision. *See Dillon Companies, Inc. v. City of Boulder,* 183 Colo. 117, 515 P.2d 627 (1973).

II.

D.P.P.A. next argues that the Department of Zoning Administration denied D.P.P.A. its right to procedural due process by first granting D.P.P.A. its use permit and then rescinding it two days later without notice and opportunity to be heard. We disagree.

■ Due process is required before the final deprivation of a property interest. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). However, an owner must take some steps in reliance

upon a permit before any property rights vest thereunder. *See Cline v. City of Boulder,* 168 Colo. 112, 450 P.2d 335 (1969). Thus, a municipality may rescind a permit if zoning is enacted or changed to prohibit a use and if the permitee has not materially changed his position in reliance on the permit. *Cline v. City of Boulder, supra.*

While the Department initially approved D.P.P.A.'s second use permit, it immediately rescinded that approval upon advice of the City Attorney that D.P.P.A.'s proposed use was legally impermissible under Denver Revised Municipal Code 59–631. On its appeal to the Board, as well as on judicial review, D.P.P.A. did not allege any facts showing that it acted in reliance upon the initial approval.

 We therefore view the Department's rescission of its approval in the same manner as the District Court must have, as a denial in the first instance of D.P.P.A.'s second application for use permit. Absent a showing of justifiable reliance, and in light of the fact D.P.P.A. was afforded proper notice and hearing upon its appeal to the Board, we conclude there was no denial of due process. *See New Safari Lounge, Inc. v. City of Colorado Springs,* 193 Colo. 428, 567 P.2d 372 (1977).

### III.

D.P.P.A. finally argues that, under Denver Revised Municipal Code 59–631(c)(2), D.P.P.A. is entitled, as a matter of right, to change from a non-conforming use as a community center to a non-conforming use as a club or lodge with a Club Class Liquor License. We disagree.

Section 59–631(c)(2), upon which D.P.P.A. relies for this argument, provides:

"The following, and no other, non-conforming uses may be changed to another nonconforming use as hereinafter set forth; *provided ... that the use to which changed shall remain subject to all and the same limitations imposed on the use existing prior to the change."* (emphasis added)

"[N]on-conforming uses represent conditions which should be reduced to conformity as speedily as is compatible with justice." *Wasinger v. Miller,* 154 Colo. 61, 388 P.2d 250 (1964). So long as they exist, non-conforming uses prevent full realization of zoning plans; the spirit of zoning is to restrict, rather than increase, such non-conforming uses and to eliminate them as speedily as possible. *City & County of Denver v. Board of Adjustment,* 31 Colo. App. 324, 505 P.2d 44 (1972).

Here, the Board held that the addition of the use of liquor would substantially change, by expansion, the use of the premises as a non-conforming community center. Because any change in its non-conforming use is subject to the same limitations imposed upon D.P.P.A.'s prior use as a non-conforming community center, the Board's denial of the proposed change to a non-conforming club or lodge with a Club Class Liquor License is consistent both with policy considerations as well as Denver Revised Municipal Code § 59–631(c)(2).

D.P.P.A.'s remaining contentions are without merit.

The judgment is affirmed.

PIERCE and BABCOCK, JJ., concur.