Dennis LaFOLLETTE, individually and d/b/a Trax Service Excavating, Plaintiff-Appellant,

v.

BOARD OF ADJUSTMENT OF the CITY OF LAKEWOOD and the City of Lakewood, Defendants-Appellees.

No. 85CA0570.

Colorado Court of Appeals, Div. III.

July 23, 1987.

Solomon & Lindquist-Kleissler, David A. Solomon, Denver, for plaintiff-appellant.

Gorsuch, Kirgis, Campbell, Walker and Grover, Merry Ann Vernon, Joseph B. Wilson, Denver, for defendants-appellees.

STERNBERG, Judge.

In this C.R.C.P. 106(a)(4) action to review a ruling of the City of Lakewood's Board of Adjustment concerning a non-conforming use of certain land by the plaintiff, Dennis LaFollette, the district court affirmed the Board's ruling and plaintiff appeals. We affirm.

For a number of years, both before and after its annexation by the City of Lakewood, plaintiff leased certain property and used it for storage of excavating equipment. After the annexation, the land was zoned CN-Conservation, and, in 1983, plaintiff submitted an application for a building permit to the City of Lakewood to construct a "storage barn" on the property. The City issued the building permit and plaintiff constructed the building on the property.

Several months later, because of complaints by neighbors, the City caused to be served on the owners of the property a notice of violation of the ordinance, asserting that storage of construction equipment was not a permitted use in the CN zone. Plaintiff appealed this interpretation to the Board of Adjustment, which decided that plaintiff did operate a legal non-conforming use on the property, *i.e.*, storage of construction equipment, but that by constructing a building on the property plaintiff was illegally expanding the non-conforming use. Plaintiff challenges the correctness of the second part of the Board's decision.

## I.

Plaintiff argues that the doctrine of equitable estoppel should be applied against the City to prevent it from retracting the approval of the structure and that, in any event, the enclosure of the pre-existing non-conforming use within a storage barn does not constitute an expansion of the non-conforming use.

We agree with the trial court that equitable estoppel should not be applied under the facts of this case. That doctrine will be applied to prevent manifest injustice, but will not be invoked as freely against a municipality as against a private individual. *Crawford v. McLaughlin*, 172 Colo. 366, 473 P.2d 725 (1970); *City & County of Denver v. Stackhouse*, 135 Colo. 289, 310 P.2d 296 (1957). In order to work an estoppel against the City, the plaintiff must show as a factual predicate that there was a communication or action by the City by which he was unmistakably misled. *See City of Sheridan v. Keen*, 34 Colo.App. 228, 524 P.2d 1390 (1974).

Here, plaintiff applied for and was issued a building permit to construct a "storage barn." The application made no mention of what was to be stored therein, despite a provision in the zoning ordinance requiring a description of the "intended use." In a CN district, a district used primarily for agricultural and residential purposes, a "storage barn" is a permitted use if it is an accessory to agricultural

uses; however, the use of a structure for storage of excavating equipment in a CN zone violates the terms of the zoning ordinance.

We conclude that the building permit issued by the City allowing construction of a storage barn, being in the identical words used by the plaintiff in his application for a permit, was not a communication that unmistakably misled the plaintiff. *See Flinn v. Treadwell*, 120 Colo. 117, 207 P.2d 967 (1949); *City of Sheridan v. Keen, supra.* The word "barn" customarily has reference to agricultural activity, Webster's Third New International Dictionary, p. 177 (1976), which is permitted by the ordinance, rather than storage of excavating equipment, which is not.

*Hargreaves v. Skrbina*, 662 P.2d 1078 (Colo.1983) does not require a different result. There, the supreme court held that, *in a suit by private plaintiffs* seeking to enforce a zoning ordinance, it was proper to apply the doctrine of relative hardships. Here, we are dealing with efforts by the City itself to enforce its zoning ordinance, and thus, equitable considerations such as relative hardship, while perhaps relevant, are not so readily applied against it. *See Crawford v. McLaughlin, supra.* In any event, the trial court did weigh relative hardship, and we agree with its conclusion that plaintiff's neighbors, who are affected by the expansion of use, were entitled to expect the ordinance to be enforced.

## II.

We also hold that the construction of a storage structure did not constitute a mere continuation of the non-conforming use of storage of equipment on the ground; rather, it was an extension of the use.

Citing *Wasinger v. Miller*, 154 Colo. 61, 388 P.2d 250 (1964), plaintiff contends that the prohibition against the extension or enlargement of a non-conforming use applies only if the size of the land area utilized by the non-conforming use is increased. In *Wasinger*, the court found an illegal extension of a non-conforming use, because, by that use, there was an increase in the acreage involved. However, *Wasinger* also recognized as a basic principle of zoning law that reduction of non-conforming uses to conformity is favored. *See also Denver Police Protective Ass'n v. City & County of Denver*, 710 P.2d 3 (Colo.App.1985).

To allow construction of a building within which to store machinery and equipment parts on unimproved real estate would be to encourage improperly a continuation of the non-conforming use, rather than to seek to bring the use into conformity. *See Wassinger v. Miller, supra.* Also, it constitutes a change in the nature of the use of the property from storage on the ground to covered storage. *See* 1 R. Anderson, *American Law of Zoning* § 6.46 (3rd ed. 1986). Thus, we conclude that the construction of the storage structure was an extension of the non-conforming use at issue here even though the land area used for storage was not increased.

Judgment affirmed.

VAN CISE and CRISWELL, JJ., concur.