Donald E. ANDERSON and Marilee
Anderson, Plaintiffs–
Appellants,

v.

BOARD OF ADJUSTMENT FOR ZON-
ING APPEALS, City and County of
Denver; the City and County of Denver;
Richard K. Kaufman; and M. Elaine
Kaufman, Defendants–Appellees.

No. 94CA2209.

Colorado Court of Appeals,
Div. V.

Oct. 10, 1996.

Gilbert Goldstein, Denver, Darrel L. Campbell, Englewood, for Plaintiffs–Appellants.

Daniel E. Muse, City Attorney, Thomas Bigler, John Stoffel, Assistant City Attorneys, Denver, for Defendants–Appellees Board of Adjustment for Zoning Appeals and the City and County of Denver.

Beimford & Gleason, P.C., Richard J. Gleason, Denver, for Defendants–Appellees Richard K. Kaufman and M. Elaine Kaufman.

Opinion by Chief Judge STERNBERG.

Plaintiffs, Donald and Mary Lee Anderson, appeal the order of the trial court upholding a decision of the defendant Board of Adjustment for Zoning Appeals of the City and County of Denver (the Board). That decision allowed defendants Richard and Emilene Kaufman to install an automated car wash on their non-conforming filling station property. Plaintiffs also appeal the trial court's order concluding that their declaratory judgment suit was frivolous and groundless. We reverse.

Plaintiffs own an apartment building located adjacent to property on which the Kaufmans own and operate a filling station. The Kaufman property is located in a B–1 zone, which does not allow a filling station as a permitted use; however, because the station has been in operation since before the time of adoption of Denver's present zoning code, it has the status of a legal non-conforming use. Filling stations are a use by right in a B–2 zone.

The Kaufmans obtained a permit allowing the installation of an automated car wash in one of the three service bays of their filling station. Shortly thereafter, plaintiffs sought injunctive relief to delay installation of the car wash in order to allow time to appeal the issuance of the permit to the Board. An order delaying issuance of the building permit was granted and plaintiffs duly appealed to the Board.

The Board conducted an evidentiary hearing. Neighborhood residents in favor pointed to the convenience of the car wash in that location. Those opposed objected to increased traffic, noise and air pollution. The zoning administrator testified that the Kaufmans' station "is non-conforming and by virtue of being non-conforming, goes by B–2 rules. An automobile gasoline filling station can do all things that a B–2 gasoline filling station is allowed to do."

The Board upheld the decision of the zoning administrator allowing installation of the automated car wash. It ruled that the change did not constitute an expansion or alteration of the structure. In so ruling, the Board adopted the view of the zoning administrator and reasoned that, because a car wash is allowed as an accessory use by right in a B–2 zone filling station, a non-conforming filling station located in a B–1 zone was entitled to the same use by right. Plaintiffs sought review of the Board's decision pursuant to C.R.C.P. 106(a)(4).

Thereafter, the plaintiffs wrote to the zoning administrator, asking her to order the Kaufmans to cease and desist the use of their property as a non-conforming gas station, and also filed a complaint seeking a declaratory judgment. The two district court actions were consolidated. The court upheld the decision of the Board allowing the Kaufmans to install the automatic car wash, dismissed the declaratory judgment claim, and held that claim to be frivolous and groundless. The court awarded attorney fees to defendants Kaufman and to the city. This appeal followed.

I.

Plaintiffs contend that the Board erred in its interpretation of the portion of the city code relating to non-conforming uses, that the Board's decision amounts to an unauthorized rezoning of the Kaufman property, and that the installation of the automated car wash constitutes an illegal expansion of the Kaufmans' non-conforming use.

Defendants, on the other hand, assert that the Board's conclusion that the car wash did not constitute a change or expansion of use is binding on review. They also argue that, while the Kaufmans' station is located in a B–1 zone, "their legal non-conforming use is that of a B–2 filling station" which allows car washes as a permitted accessory use. Defendants contend further that accomplishing an existing use (washing cars by hand) by a different means (automatic machine washing) does not constitute a change in the character or an expansion of the use. We agree with the plaintiffs and disagree with defendants.

■ A non-conforming use is one which lawfully existed prior to the enactment of zoning ordinances and which is maintained after the effective date of the ordinance, although it does not comply with the zoning restrictions applicable to the district in which it is situated. 1 K. Young, *Anderson's American Law of Zoning* § 601 (4th ed.1995).

■ Non-conforming uses are entitled to protection under the law. The use may continue; however, the right to continue does not include the right to extend or enlarge the use. *See Bird v. Colorado Springs*, 176 Colo. 32, 489 P.2d 324 (1971); *Anderson's American Law of Zoning, supra*, at § 6.45.

■ The right to extend or enlarge, or indeed, even to continue, a non-conforming use may legally be restricted. *Bird v. Colorado Springs, supra*. Further, non-conforming uses should be reduced to conformity as speedily as possible. *Wasinger v. Miller*, 154 Colo. 61, 388 P.2d 250 (1964).

■ Zoning ordinances should be interpreted strictly against allowing indefinite continuation of a non-conforming use. *Wyatt v. Board of Adjustment—Zoning*, 622 P.2d 85 (Colo.App.1980). Provisions permitting non-conforming uses to continue should be strictly construed, and zoning provisions re-

stricting non-conforming uses should be liberally construed. *Hartley v. City of Colorado Springs,* 764 P.2d 1216 (Colo.1988).

The language of the zoning code of the city, Denver Revised Municipal Code § 59–631(b) (1988), recognizes these limitations on non-conforming uses. That code section states that "no change *whatsoever* in any aspect of and feature of or in the character of the non-conforming use is permitted if the non-conforming use is to continue." (emphasis added)

■ Without citing any authority, defendants argue that, because the filling station is located in a B–1 zone and is non-conforming and filling stations are conforming uses in a B–2 zone, they are, as a matter of right, entitled to all of the uses for filling stations located in a B–2 zone. They argue similarly that an ordinance that specifically amended the zoning ordinance permitting filling stations located in B–2 zones to install car washes as an accessory use applies to this non-conforming use located as it is in a B–1 zone.

We are aware of no authority for these propositions. To the contrary, interpreting the zoning code as urged by defendants ignores the rule that such ordinances should be interpreted strictly against allowing indefinite continuation of non-conforming uses. *See Wyatt v. Board of Adjustment–Zoning, supra.* Indeed, defendants' interpretation reverses the rule of law that provisions allowing non-conforming uses to be continued are strictly construed and zoning provisions restricting such uses are entitled to liberal construction. *See Hartley v. City of Colorado Springs, supra.*

■ It is correct, as defendants urge, that interpretation of a zoning ordinance by an administrator and zoning body are entitled to deference. *See Humana, Inc. v. Board of Adjustment,* 189 Colo. 79, 537 P.2d 741 (1975). Nevertheless, a reviewing court is not bound by such a decision if there is no competent evidence to support it or if, as here, the decision misconstrues or misapplies the law. Judicial deference to the decision of the zoning official and the Board cannot ex-

tend to allowing those officials to amend the ordinance in the guise of interpreting it.

■ The defendants also contend that installation of the automatic car wash does not constitute a "change or expansion in the use of the station." Undisputed evidence in the record is contrary to this contention. Defendant Richard Kaufman testified that cars which had been repaired at the station in the past were washed by hand using hoses and sponges, that the cars never lined up, and that the owners were not charged for washing. The new automated car wash, on the other hand, would increase the number of vehicles washed each day since every gas purchaser would be entitled to a free wash and the facility would be open from 7 a.m. to 8 p.m. He also testified that the car wash facility was needed to make the filling station more competitive and economically viable.

As explained in *Anderson's American Law of Zoning, supra,* § 6.47:

> The addition of new facilities or the enlargement of existing ones seems most likely to be regarded as an extension of use if the non-conforming use is thereby rendered more incompatible with permitted uses, *if the volume or intensity of use is increased* . . . . (emphasis added)

We also conclude that, contrary to the zoning administrator's interpretation and the defendants' contention on appeal, the amendment of the accessory use ordinance, Denver Revised Municipal Code § 59–277(1)(c)(10) (1988), does not apply to a non-conforming filling station use. By its language, it applies only to uses accessory to a use by right in a B–2 zone.

■ Finally, we reject defendants' alternative argument that we adopt the "Modern Instrumentalities Doctrine." That rule, adopted in Pennsylvania, allows non-conforming uses to expand by replacing older methods of operation with newer, modern means. *See, e.g., Chartiers v. William H. Martin, Inc.,* 518 Pa. 181, 542 A.2d 985 (1988). Under that doctrine, a change from hand-washing of cars to machine-washing probably might be allowed even if the volume or intensity of use would be increased. *But see IMS America, Ltd. v. Zoning Hearing Board,* 94

Pa.Cmwlth. 501, 503 A.2d 1061 (1986). In any event, this doctrine is inconsistent with Colorado jurisprudence, as discussed above, and we decline to adopt it.

For these reasons, the decision of the Board, and that of the trial court upholding it, must be reversed.

## II.

The plaintiffs next contend that the trial court erred in holding that their declaratory judgment claim was frivolous. In light of our holding above, we conclude that the trial court erred in ruling that plaintiffs had to delay seeking declaratory relief until after a ruling by the zoning administrator on their request for a cease and desist order. The issues in the cease and desist proceeding were the same as in the earlier building permit hearing; thus, the position of the zoning administrator that the installation of the car wash was a permitted use was a foregone conclusion. It involved an erroneous interpretation of law. *See Trainor v. City of Wheat Ridge*, 697 P.2d 37 (Colo.App. 1984).

Exhaustion of available administrative remedies is not always a prerequisite to filing suit. *See Gramiger v. Crowley*, 660 P.2d 1279 (Colo.1983). Here, inasmuch as plaintiffs had notice of the zoning administrator's interpretation of the pertinent law, for them to have awaited another and different answer on the same question would have been an exercise in futility and would not have served the purposes underlying the exhaustion doctrine. *See Golden's Concrete Co. v. Colorado*, —— P.2d ——, 1996 WL 317002 (Colo.App. No. 95CA0069, June 13, 1996).

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

ROY and TURSI*, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),