Mr. Justice McWilliams
delivered the opinion of the Court.
*16 By direct information Charles Brett Lange was charged in the district court of Adams County with murder in the first degree. In response thereto Lange filed a “Motion to Transfer Case to Juvenile Docket,” alleging in the motion that he was a minor, being then only fourteen years of age, and that he therefore “should be treated as a juvenile offender” inasmuch as “the ends of justice would best be served by such a transfer.”
After extended hearings, the Honorable Jean J. Jacobucci, a district judge, granted Lange’s motion, and then went on to specifically order:
(1) that the information, charging Lange with murder in the first degree, be dismissed;
(2) that the district attorney forthwith file a petition in delinquency, in the name of the People and concerning Lange, “alleging such facts as may be within the knowledge of said officer constituting an act or acts of delinquency, the same to be filed with this court”; and
(3) that if such petition in delinquency was not filed within ten days by the district attorney, then the court “will direct one of its juvenile officers to institute such petition.”
It was at this juncture that the People, ex rel. Floyd Marks, the district attorney for Adams County, brought an original proceeding in this court against the district court of Adams County, and the aforementioned Judge Jacobucci. In this original proceeding it was alleged in the petition that in its order the district court had acted very greatly in excess of its jurisdiction and that inasmuch as the entire matter was one of great public concern and importance, a rule to show cause should issue. This honorable court granted the petition and ordered the named respondents to show cause why the judgment and order thus under attack should not be set aside and why the information charging Lange with murder should not be reinstated. The respondents have filed their response, and the matter now awaits our determination.
*17 Counsel, as we understand it, though rather diametrically opposed as to the ultimate outcome of the instant ■proceeding, are nevertheless in agreement as to certain matters. For example, it is agreed that under applicable statutes Lange could be proceeded against either in a juvenile delinquency proceeding, or in a criminal proceeding wherein the charge would be murder in the first degree. And it is further agreed that in either event such action would now be instituted and prosecuted in the district court.
A very basic disagreement arises, however, as to whether, under the applicable statutes, in the situation where, as here, the district attorney has filed a criminal information charging a fourteen year old boy with murder in the first degree, the district court may thereafter dismiss the criminal information and order the district attorney to institute delinquency proceedings against the same fourteen year old. The respondents in this proceeding contend that by applicable statute such a discretionary power was reposed in the district court by the General , Assembly in 1964; whereas, the petitioners in this proceeding contend that the General Assembly did no such thing and that the district court therefore simply has no such power to do that which it purported to do. And this, in short, in the nub of the controversy.
In support of the contention that the district court has a discretionary power to dismiss a criminal information charging a fourteen year old with murder and to order the district attorney to thereafter institute juvenile delinquency proceedings, the respondents rely primarily upon C.R.S. 1963, 22-8-7, as amended in 1964. Accordingly, we shall now set forth that particular statute in its entirety. To facilitate our consideration of the statute, we shall, in brackets, number each of the sentences contained therein. Such bracketing should not be confused with the parentheses appearing in the statute proper. That particular statute reads as follows:
“ARREST—CHILD BEFORE DISTRICT OR JUVE *18 NILE COURT. (1) [1] When any child under eighteen years of age is arrested for any offense other than traffic or game and fish violations, with or without warrant, such child shall be taken directly before the district or juvenile court instead of being taken before a county judge or police magistrate. [2] If said district or juvenile court shall not proceed with the hearing for any reason, said child shall be admitted to bail, or released in custody of its parent or parents. [3] If the child is taken before a county judge or police magistrate, upon complaint sworn out in such court or for any other reason, it shall be the duty of such county judge or police magistrate to transfer the case to the district or juvenile court, and it shall be the duty of the officer having the child in charge to take the child before that court. [4] In any such case the court may proceed to hear and dispose of the case in the same manner as if such child had been brought before the court upon petition originally filed as provided in section 22-8-3, as amended.
“(2) [5] When necessary, in cases where the delinquency charged would otherwise constitute a felony, the court may direct such child to be kept in proper custody until an information or complaint may be filed as in other cases under the laws of the state.
“ (3) [6] Nothing in this section shall be construed to confer jurisdiction upon any county court or police court to try any case against any child under eighteen years of age, other than cases involving state traffic or game and fish laws or regulations, or municipal traffic ordinances.
“(4) [7] Nothing in this section shall be construed to prevent a county judge from conducting a preliminary examination in any case where a felony is charged.”
We shall now proceed to analyze the aforementioned statute, sentence by sentence. The first sentence contained therein tells us that when a child under eighteen is arrested for any offense, unless it be for traffic or game and fish violations, he shall be taken directly to *19 the district court, and shall not be taken to the county court or before a police magistrate. This same sentence also states that the foregoing procedure obtains whether the arrest be with or without warrant. And there would appear to be no distinction between the situation where a warrant has issued as the result of a filing of a criminal proceeding, such as murder, or where the warrant has issued as the result of the filing of a juvenile delinquency proceeding, inasmuch as the statute applies to a child under eighteen years of age who is arrested “for any offense.”
The second sentence of the statute merely provides that once the arrested child is brought before the district court, the child shall at once be admitted to bail or released in the custody of his or her parent or parents, unless the district court shall proceed to immediately hear the matter. This particular sentence is subject to a further exception provided for in the fifth sentence in this statute, which will be considered in a moment.
The third sentence covers the situation where a child is taken by the arresting officer before a county judge or police magistrate, be it upon a complaint sworn out in that court or, if “for any other reason,” the child is taken before such court. In such circumstance, according to the statute, it is the duty of the county judge or police magistrate to transfer the case to the district court, and to see that the child thus before it is immediately taken to the district court.
It is perhaps appropriate at this juncture to observe that the aforementioned third sentence has no applicability to the situation where a felony charge has been filed in the county court. In other words, where a felony charge is on file in the county court and the defendant is thereafter brought into that court, even though the defendant be under eighteen years of age, the county judge is under no statutory duty to transfer the case and the child to the district court. This is so because *20 of the seventh sentence of the statute. The seventh sentence of the statute recognizes that the “new” county court, as the successor to the “old” justice court, does have jurisdiction to conduct a preliminary examination when a felony charge is before it, as it specifically provides that nothing in the entire section of the statute should be so construed as to prevent a county judge from conducting a preliminary examination “in any case where a felony is charged.” Hence, nothing in the third sentence of the statute requires, or even permits, the county court to summarily transfer a felony charge to the district court. And, conversely, the district court, then, could never receive a “transferred” felony charge from the county court. Such should not be confused with the situation where a felony charge is “bound over” to the district court from the county court, where the latter court, after hearing, has determined that there is so-called “probable cause.”
The fourth sentence, then, simply empowers the district court in any matter which, pursuant to the aforesaid third sentence, is transferred to it by the county judge or by a police magistrate, to thereafter proceed to hear and dispose of the case as though the child were before the district court under a petition in delinquency originally filed in the district court.
The fifth sentence of this statute provides that in cases where a child is charged with delinquency which would otherwise constitute a felony, the district court may direct that the child be kept in custody until an information may be filed against the child, with the delinquency proceedings presumably to be abated. It is to be noted that this provision simply empowers the district court-to keep the arrested child in custody until the information be'-filed, “as in other cases under the laws’ of the state.” It does not empower the district court to “order” the district attorney to institute so-called criminal proceedings,' as opposed to the delinquency proceeding. ' : ■
*21 The respondents do not rely upon the sixth and seventh sentences of the statute here under consideration, as their meaning seems quite clear to all and it is not suggested that either has any hidden or concealed meaning contained therein. Hence, we shall not comment further upon either of these particular sentences.
In our over-all analysis of C.R.S. 1963, 22-8-7, as amended, we find nothing which would in any manner justify or warrant the action of the respondent court in dismissing the information charging Lange with murder and directing the district attorney to institute delinquency proceedings against him. The respondents urge, however, that it is the fourth sentence in the aforementioned statute which empowers a district court to so act; and a minority of this court appear to agree with this contention. With this we are simply not in accord.
As already noted, in our view when the fourth sentence in the statute is read in its context it quite clearly is related to, and indeed very closely interwoven with, the third sentence in the statute. When these two sentences are read together, as they should he, the statute merely provides that if a child is taken before a county judge or a police' magistrate, be it “upon complaint sworn out in such court or for any other reason,” such judge shall transfer the case and the child to the district court, and that in such case the district court may proceed to hear and dispose of the case thus transferred as if the child had been brought before the district court in a delinquency proceeding originally filed in that court.
In our view, the respondents read this fourth sentence completely out of context when they argue that such somehow empowers a district court to hear and dispose of any case before it, regardless of the charge contained therein, as though such were a proceeding in delinquency. In statutory construction, words, phrases, clauses and sentences must be construed in con *22 nection with and relation to the rest of the paragraph. Carter v. City and County of Denver, 114 Colo. 33, 160 P.2d 991.
Furthermore, and this is deemed to be of considerable importance, we believe that the legislative history of the particular statute with which we are here concerned definitely supports this construction of the statute, rather than the interpretation urged upon us by the respondents. That which now appears in C.R.S. 1963, 22-8-7, as amended, was originally enacted into law by the General Assembly in 1903. See Colo. Sess. Laws 1903, Ch. 85, § 7. In the statute as originally enacted in 1903, appears the following:
“. . .; or, if the child is taken before a justice of the peace or police magistrate, upon complaint sworn out in such court or, for any other reason, it shall be the duty of such justice of the peace or police magistrate to transfer the case to such county court, and the officer having the child in charge to take the child before that court, and in any such case the court may proceed to hear and dispose of the case in the same manner as if such child had been brought before the court upon information originally filed as herein provided;...” (Emphasis supplied.)
Clearly, then, the construction which we propose to give this statute squares with the legislative intent as expressed by the General Assembly in 1903.
It is true that the statutory revisor in 1953 made certain changes in the punctuation of this particular section of the statute. More specifically, the statutory re-visor deleted three semicolons and one comma from the statute as it theretofore appeared in ’35 C.S.A., Chapter 33, Section 59, and in lieu thereof placed four periods. See C.R.S. ’53, 22-8-7. But, it is difficult to believe that by certain minor changes in punctuation it was intended to so materially alter and very drastically change the meaning of the statute as to vest the district court with a power which it had not theretofore possessed. Suffice *23 it to say, we simply do not believe that there was any such legislative intent.
Furthermore, in 1953 when the statutory revisor made these punctuational changes and such were then enacted into law by the General Assembly, there could not have been any legislative intent to vest the respondent court, or the “old” county court for that matter, with the discretionary power which it now seeks to exercise. This is so, because in 1953 under the judicial system as it then existed the statute was necessarily only concerned with the “transfer” of cases from the justice court and the police magistrate’s court to the county court. The county court, as of 1953, had no jurisdiction, original or otherwise, to entertain a murder charge, or any felony charge. Hence, it could never be confronted with the situation before the respondent court, namely a murder charge against a fourteen year old child. Therefore, the 1953 General Assembly could not have intended that for which the respondents now argue, namely the power to “scale down” a murder charge into a delinquency proceeding by dismissing a murder charge against a fourteen year old child and ordering the district attorney to institute delinquency proceedings against the child.
Minor and indirect reliance is also made by the respondents upon C.R.S. 1963, 22-8-1(2) and (3) (a). Without setting forth verbatim those particular sections of that statute, it is deemed sufficient to state that in our view neither contains any language which could in anywise warrant the action taken by the respondent court.
 Without belaboring, then, that which to us, at least, seems rather obvious, the statutes here under consideration simply do not in any manner vest the respondent court with the discretionary power to dismiss a criminal information charging a fourteen year old with murder and then direct the district attorney to institute juvenile delinquency proceedings against the same fourteen year old. In our view, by no stretch of the imagination can any of the several statutes above cited be said *24 to have either expressly or impliedly vested the respondent court with the power to do that which it purported to do. This, then, being the case, the respondent court, though it had jurisdiction of both the parties and the subject matter, nevertheless did exceed its jurisdiction, and greatly so, when it purported to render a judgment in which it transcended any power conferred on it by law. In so doing, it most certainly “acted without jurisdiction.” United States National Bank of Denver v. Bartges, 120 Colo. 317, 210 P.2d 600.
It may perhaps be argued that the law on this subject should be changed to the end that the respondent court should be vested with the discretionary power which it sought to exercise. But that is a matter which, of course, should be addressed to the legislative branch of our state government, and not to the judiciary. Should the General Assembly decide to change the law in this particular, no doubt it would do so in clarion language which can be quickly and easily understood by all concerned. In the meantime, however, we must apply the law as we find it. And, in construing statutes courts should ascertain and give effect to the intention of the legislature as such is expressed in the statute itself and, conversely, courts should not interpret a law to mean that which it does not express. Christner v. Poudre Valley Cooperative Association, 235 F.2d 946, and McNulty v. Kelly, 141 Colo. 23, 346 P.2d 585.
The rule heretofore issued is now made absolute and the respondents are directed to vacate the order dismissing the criminal information charging Lange with murder in the first degree and ordering the district attorney to initiate juvenile delinquency proceedings. The respondents are further ordered to reinstate the aforementioned information which charges Lange with murder in the first degree.
Mr. Chief Justice Sutton, Mr. Justice Day and Mr. Justice Pringle dissent.