John Neal ANDERSON and Billy S. King, Plaintiffs-Appellees,

v.

Chong Nim BARNES and Wiley Barnes III, Defendants-Appellants.

No. 82CA1011.

Colorado Court of Appeals, Div. III.

Aug. 11, 1983.

Rehearing Denied Sept. 8, 1983.

No appearance for plaintiffs-appellees.

Newman E. McAllister, Colorado Springs, for defendants-appellants.

STERNBERG, Judge.

Defendants, Chong Nim Barnes and Wiley Barnes, III, held title to certain property as joint tenants. They entered into a contract to sell this property to plaintiff John Neal Anderson. This contract contained a clause requiring that "the seller shall execute and deliver a good and sufficient general warranty deed" conveying the property free and clear of all liens and encumbrances except for a first deed of trust which Anderson agreed to assume. Plaintiff Billy S. King was an assignee of certain of Anderson's rights.

Prior to closing, a judgment lien was recorded against the interest of Wiley Barnes. The judgment creditor set a sheriff's sale and the holder of the deed of trust initiated a foreclosure action. The plaintiffs purchased the sheriff's certificate to Wiley Barnes' interest in the property and the deed of trust, for a sum equal to what they would have spent had the contract been performed. They then terminated the foreclosure action and brought this suit.

Arguing that Chong Nim Barnes had warranted that title to both of their interests was free and clear and that she had breached that warranty, plaintiffs sought specific performance of the contract. That relief was granted on summary judgment, and the trial court ordered each defendant to execute a warranty deed in favor of plaintiffs. The Barneses appeal and we affirm.

The issue on this appeal is whether Chong Nim Barnes' warranty in the contract extended to her husband's interest in the property. We hold that it did.

■ The issue raised is one of contract, and is separate from the respective rights and liabilities of joint tenants. *Cf. First National Bank v. Energy Fuels Corp.*, 200 Colo. 540, 618 P.2d 1115 (1980). We resolve this issue by applying the general rule that unless a contrary manifestation is shown, "[w]here two or more parties to a contract promise the same performance to the same promisee, each is bound for the whole performance thereof . . . ." *Restatement (Second) of Contracts* § 289 (1979); *Don L. Tullis & Associates v. Gover*, 577 S.W.2d 891 (Mo.App.1979); *Schubert v. Ivey*, 158 Conn. 583, 264 A.2d 562 (1969). Thus, the promise creates a joint and several duty to perform the entire contract. Here, because the Barneses signed one contract and the contract contained but one warranty, each was bound by the warranty for the entire interest subject to the contract.

■ Under the contract, in the event the Barneses failed to perform any condition therein, the purchaser could treat the contract as being in full force and effect with a right of action for specific performance. The undisclosed encumbrance constituted a breach by both sellers, thereby giving plaintiffs a right of action for specific performance against both. *See Tullis v. Gover, supra; Schubert v. Ivey, supra.*

■ The Barneses did not file an affidavit or other supporting material in response to plaintiffs' motion for summary judgment and supporting affidavit. Plaintiffs' affidavit being a sufficient basis upon which to enter summary judgment and the Barneses having failed to respond, entry of the judgment was proper. *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978).

■ As to the Barneses' contention that the trial court should have made findings on what amounts were owed them under the contract, we note that the figures contained in plaintiffs' motion for summary judgment reveal that plaintiffs had expended a sum to release the encumbrance equal to that which they would have spent had the contract been performed. This result is consistent with the goal in a decree for specific performance: to place the buyer in the position he would have occupied had the conveyance been made. *Turley v. Ball Associates, Ltd.*, 641 P.2d 286 (Colo.App.1981).

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.