Thomas JONES and Cleo Jones, Plaintiffs–Appellees,

v.

The CITY OF AURORA, a Municipal Corporation, and its relevant subdivision, commissions, departments and unnamed employees; City Council of the City of Aurora, a governing body; and Linda Capra, Steven A. Bobrick, Frank Weddig, Peggy Kerns, Paul Tauer, Jack B. Everhart, and Elsie A. Lacy, all individually and not in their capacities as Council Member, Defendants–Appellants.

No. 87CA0471.

Colorado Court of Appeals, Div. IV.

Dec. 1, 1988.

Rehearing Denied Jan. 5, 1989.

Certiorari Denied April 10, 1989.

Hall & Evans, Richard M. Lucas, Beverly A. Byrne, Denver, for plaintiffs-appellees.

Charles H. Richardson, Marcia G. O'Brien, Peter Ruben Morales, Aurora, for defendants-appellants.

TURSI, Judge.

Defendants, the City of Aurora, its city council, and the individual members thereof, appeal the judgment entered in favor of the plaintiffs, Thomas Jones and his mother Cleo Jones, on their claim for equitable relief. Defendants also appeal the trial court's award of attorney fees to the plaintiffs. We affirm in part and vacate in part.

Thomas Jones relocated his day care center into a converted residence located in the city of Aurora. The property was purchased by his mother and leased to Jones. Before the property was acquired, Jones contacted the city of Aurora to determine whether the property was zoned to permit a large day care center. The city employee on duty checked the official records for the zoning at 10700 E. Jewell, the address given to Jones by the seller, and informed Jones the property had an R–2 Zone designation which was appropriate for a large day care center. In reliance on the employee's representation, Jones negotiated the purchase of the property on behalf of his mother.

After the sale, Jones met with representatives of the city's planning department to determine how to obtain a certificate of occupancy. They advised and assisted him regarding the various steps necessary before a certificate could be issued. During this process, an employee of the department discovered that the correct address of the lot purchased was 10800 E. Jewell and that it was zoned R–1, a classification which did not permit operation of a large day care center. After discovery of the discrepancy, the city records were amended.

The planning department initiated an application for rezoning of the property from R–1 to R–2. At the department's suggestion, Jones submitted the application along with a site plan, subdivision plat, and use approval, all of which were required for operation of a day care center under an R–2 zone designation. Jones, who had already moved into the premises, was allowed to continue operating his day care center during the period in which his applications were pending. All four items sub-

mitted by Jones were unanimously rejected by the city council.

The Joneses sued the city, the city council, and some of its members individually, asserting multiple claims for relief. Ultimately, the only claims to be tried were claims against the city for negligent misrepresentation and estoppel in pais. By consent of the parties, the factual predicate to the equitable estoppel claim was also tried before the jury pursuant to C.R.C.P. 39(a).

The city prevailed on the negligent misrepresentation claim. However, after using the jury's answers to nine special verdicts submitted pursuant to C.R.C.P. 49(a), the trial court entered a judgment against the city on the equitable claim. The city had requested that if the trial court determined the Joneses were entitled to equitable relief, that the remedy awarded be in the nature of monetary compensation. The equitable relief granted by the court was in the form of money damages. The amount of damages awarded consisted of representing the cost of improvement to the property and the difference between the property's existing value and the value it would have had with an R–2 zone classification. In addition, the court barred the city from taking any enforcement/closure action for six months or, in the event of an appeal, for 45 days following a final decision. The Joneses have not appealed this remedy. An award of attorney fees was also included in the total amount of the judgment.

## I

■ The city of Aurora first contends that the trial court erred when it denied the city's motion to require an election of remedies. We disagree.

The doctrine of election of remedies applies where remedial rights sought in a given situation are so inconsistent that the assertion of one necessarily repudiates the assertion of the other. The purpose behind the doctrine is to prevent an innocent party from collecting a double recovery for the wrong done to him. *Stewart v. Blanning*, 677 P.2d 1382 (Colo.App.1984).

The doctrine has been commonly invoked in actions where the complaining party seeks both to affirm and rescind an agreement. *See Trimble v. City & County of Denver*, 697 P.2d 716 (Colo.1985). However, here, the Joneses were not seeking to affirm and rescind, nor were they seeking double recovery. Rather, they sought one satisfaction for their perceived injury and pled alternative theories upon which they sought and received but one remedy. Thus, the trial court properly allowed the Joneses to pursue both theories at trial. *Carpenter v. Donohoe*, 154 Colo. 78, 388 P.2d 399 (1964) (plaintiff combined claims for fraud and breach of warranty—held, if remedies are consistent with each other, the party may pursue them singly or together until he has one satisfaction). Therefore, the trial court's denial of the city's motion to require an election of remedies was not error.

## II

■ The city next contends the trial court's award of equitable remedies was in error. Again, we disagree.

■ While the doctrine of equitable estoppel is not as freely invocable against a municipality as it is against an individual, a court may nevertheless apply the doctrine whenever necessary to prevent manifest injustice. *Denver v. Stackhouse*, 135 Colo. 289, 310 P.2d 296 (1957). To obtain relief under the doctrine, a party must show that he detrimentally changed position in justifiable reliance on representations made by the city. *LaFollette v. Board of Adjustment*, 741 P.2d 1262 (Colo.App.1987); *City of Sheridan v. Keen*, 34 Colo.App. 228, 524 P.2d 1390 (1974).

Once it is applied, the doctrine will not allow the municipality to take a position contrary to its previous representations. *Crawford v. McLaughlin*, 172 Colo. 366, 473 P.2d 725 (1970); *Fueston v. City of Colorado Springs*, 713 P.2d 1323 (Colo. App.1985).

The city claims the trial court erred by invoking equitable estoppel on these facts. The city further argues that the grant of

an equitable remedy was particularly inappropriate in this case because Thomas Jones came to the court with unclean hands. The city bases its "unclean hands" argument on the fact that Jones operated the day care center on the property when he knew it was legally improper.

The record contains evidence of Jones' justifiable reliance on the city's zoning representation as well as the resulting hardship that would have befallen him had no relief been afforded. The record also contains evidence to support the trial court's conclusion that equitable relief is appropriate because the city was in a superior position to discover the true facts giving rise to this action. Since the trial court's assessment of the equities is supported by evidence in the record, we will not disturb it. *See Woods v. Monticello Development Co.,* 656 P.2d 1324 (Colo.App.1982). Thus, the trial court's award of equitable remedies is affirmed.

### III

■ The city also contends that it was improper for the trial court to enter judgment for the Joneses on their claim for equitable estoppel because not all of the elements of estoppel were proven. The city's argument is based on one of the jury's special verdict interrogatories in which the jury found that the Joneses did not "lack the means of determining the true zoning classification of the property." The jury also answered special verdicts finding that the Joneses were reasonably justified in relying on the city's conduct and that they did change their position based upon this reliance. The trial court also determined that the finding of reasonable reliance was made in reference to a mutually accepted jury instruction which stated that a person's reliance would be justified despite his failure to make an independent investigation even if a reasonable person might have made further investigation under similar circumstances.

Under the totality of the findings by the jury, we are not persuaded that this one finding, as worded, is fatal to the claim. We agree with the trial court that this special verdict did not bar an award of equitable relief. The trial court, as it must, adopted a view that reconciled the answers. *See City of Aurora v. Loveless,* 639 P.2d 1061 (Colo.1982). Hence, we will not disturb the trial court's entry of judgment, as it is supported both by the record and the jury's other special verdicts.

### IV

■ The city's final assertion of error concerns the trial court's award of attorney fees to the Joneses. The city contends an award of attorney fees was not warranted because the trial court made no finding that the defense of this action was substantially frivolous, groundless, or vexatious. We agree.

Section 13–17–102(1), C.R.S. (1987 Repl. Vol. 6A) reads:

"Subject to the provisions of this section, in any civil action of any nature commenced or appealed in any court of record in this state, the court may award, except as this article otherwise provides, as part of its judgment and in addition to any costs otherwise assessed, reasonable attorney fees."

Section 13–17–101, C.R.S. (1987 Repl.Vol. 6A) provides for the recovery of attorney fees only in cases in which the bringing or defense of an action is determined to have been substantially frivolous, groundless, or vexatious. The record reveals no such determination by the trial court, and therefore, the award of attorney fees constituted error.

That portion of the judgment representing attorney fees is vacated. In all other respects, the judgment is affirmed. The cause is remanded to the trial court for modification of the judgment in accordance with this opinion.

METZGER and FISCHBACH, JJ., concur.