Richard C. SANDOMIRE,
Plaintiff–Appellant,

v.

The CITY AND COUNTY OF DENVER, Career Service Authority, Howard I. Rosenberg, Connie Bragg, Alfred Wood, Rubin Valdez and Robert Braun, as members of Career Service Board, Margot Jones, as hearing officer for the Career Service Authority, A.H. Abshire, Personnel Director of Career Service Authority, and Stephen H. Kaplan, Department of Law, in his official capacity as the City Attorney in and for the City and County of Denver, State of Colorado, Defendants–Appellees.

No. 89CA0841.

Colorado Court of Appeals,
Div. II.

June 14, 1990.

Lloyd K. Shinsato, Denver, for plaintiff-appellant.

Pendleton & Sabian, P.C., Richard F. Hennessey, Susan M. Hargleroad, Denver, for defendants-appellees.

Opinion by Judge PLANK.

Plaintiff, Richard C. Sandomire, appeals the summary judgment dismissing his complaint in which he alleged that he had been wrongfully discharged under the residency requirement of the defendant City and County of Denver. We affirm.

Plaintiff was initially employed by the Denver City Attorney's office in 1976. In 1978, Denver voters adopted an amendment to the Denver City Charter requiring

employees hired after January 1, 1979, to be residents of the City and County of Denver. By voluntary resignation, plaintiff terminated his employment with the City in July 1981.

On May 9, 1983, plaintiff was re-employed by the City as a new employee. Plaintiff did not regain his previous employment status, but returned on probationary status at an entry level position.

The City refused to recognize plaintiff's prior employment as entitling him to be exempt from the residency requirement as were those individuals employed prior to the 1979 Charter amendment. The City ordered plaintiff to comply with the residency requirement within a reasonable time. Instead, plaintiff filed a grievance with the Career Service Authority. The hearing officer granted the City's motion for summary disposition of the grievance, and plaintiff was discharged for failing to meet the residency requirement. The Career Service Authority upheld the discharge.

Pursuant to C.R.C.P. 106(a)(4) and C.R.C.P. 57, plaintiff commenced this action which resulted in the trial court's dismissal of plaintiff's complaint. This appeal followed.

## I.

■ The plaintiff contends that the residency requirement does not apply to him. We disagree.

Plaintiff asserts that the Charter must be construed to include persons who were "first hired" before the effective date, regardless of whether they remained continuously employed with the City thereafter. The City argues that the plaintiff was not exempt from the residency requirement because the language of the Charter provision is plain and its meaning clear.

In interpreting statutory language, appellate courts must give effect to the plain meaning of the words used. *People v. Deadmond*, 683 P.2d 763 (Colo.1984). Courts should not interpret a statute or ordinance to mean that which it does not express. *Rancho Colorado, Inc. v. City of Broomfield*, 196 Colo. 444, 586 P.2d 659 (1978).

Denver City Charter § C5.12–1 provides:

"[A]ll permanent and temporary officers and employees of the City and County of Denver ... *who are appointed or employed on or after January 1, 1979*, shall, as a condition of their employment, reside within the corporate boundaries of the City and County of Denver, within 3 months after acquiring permanent status." (emphasis added)

This language is unambiguous. Residence within the City was made a condition of employment for *all* those persons employed or appointed after its effective date, and such residency is a condition of continued employment by the City. The only exception to the rule is stated in Denver City Charter § C5.12–2 which exempts those future officers and employees who, "would normally be required by the City to report to work at places outside of the corporate boundaries of the City and County of Denver."

Besides the employees that work outside the City, there are two classes of City employees. The first class contains those employed or appointed prior to January 1, 1979, and who remain as City employees. They are exempt from the residency requirement. The second class is composed of persons who, after January 1, 1979, were newly employed or appointed, or who were re-employed as *new* employees after a termination from previous exempt employment.

From the language of the Charter, there is no justification for persons employed before January 1, 1979, and who voluntarily divested themselves of pre-existing employment rights, to enjoy a life-time continuous exemption from the residency requirement. *See Jones v. People*, 155 Colo. 148, 393 P.2d 366 (1964) (courts may not assume a legislative intent which would vary the words used by the General Assembly).

Thus, the plaintiff is subject to the residency requirement imposed as a requisite to employment with the City.

## II.

The plaintiff next contends the trial court erred in determining that the City was not equitably estopped from asserting the residency requirement against him. We disagree.

The plaintiff asserts that he accepted re-employment in 1983 in reliance upon the unequivocal assurances he received from the former City Attorney that the residency requirement would not be applicable to him. The plaintiff claims that the City Attorney's assurance was a primary reason for his accepting re-employment, thus foregoing other employment options available to him.

The doctrine of equitable estoppel applies to a municipality. A court may apply the doctrine whenever it is necessary to prevent manifest injustice. *See Jones v. City of Aurora*, 772 P.2d 645 (Colo.App. 1988). To obtain relief under this doctrine, a party must show a detrimental change in position based upon a *justifiable* reliance on the other party's representations.

It is undisputed that plaintiff voluntarily resigned from his original employment with the City in July 1981, after the January 1, 1979, effective date of the residency requirement. Plaintiff was employed as an assistant City Attorney in the City Attorney's office. In June 1979, while plaintiff was employed with the City, an opinion letter was issued by the City Attorney which stated that former employees who otherwise would have been exempted from the residency requirement lost that exemption if they returned to City employment after a voluntary resignation.

Here, when plaintiff sought re-employment he was aware of the existence of the residency requirement. The agency record submitted to the trial court, pursuant to C.R.C.P. 106(a)(4), reflects that the City made an adequate showing by affidavit that plaintiff could not have relied to his detriment on a representation which he knew was contrary to the Charter's employment provision. Further, plaintiff did not file an affidavit showing facts which could be evidence of detrimental reliance or plaintiff's changed position. Thus, the trial court's judgment is appropriate. *See Anderson v. Barnes*, 671 P.2d 1327 (Colo. App.1983); *GTM Investments v. Depot, Inc.*, 694 P.2d 379 (Colo.App.1984).

## III.

The plaintiff lastly contends that the record before the trial court was incomplete rendering it incapable of review. We disagree.

The plaintiff asserts that the Career Service Board and the trial court erred by refusing to take into consideration evidence heard by a first hearing officer who died prior to completing these proceedings. A second hearing officer entered an order terminating plaintiff's employment with the City.

The record reflects that the incomplete initial hearing was not the basis of the later hearing officer's final order. Therefore, plaintiff had no right to a review of the original incomplete transcript. *See Board of County Commissioners v. Salardino*, 136 Colo. 421, 318 P.2d 596 (1957).

We additionally reject plaintiff's contention that he was entitled to oral argument on the City's motion for summary judgment. Due process does not include the right to oral argument on a motion for summary judgment, especially where the party against whom the motion is directed had ample opportunity to file affidavits or advance any legal arguments he might have had. C.R.C.P. 121 § 1–15(4). *See People in Interest of F.L.G.*, 39 Colo.App. 194, 563 P.2d 379 (1977).

We do not find this case to be groundless or frivolous; thus, we deny the City's request to award attorney fees. *See Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984).

The judgment is affirmed.

SMITH and METZGER, JJ., concur.