Arlin D. LEHMAN; Pulmonary Data Services of America, Inc., a Colorado corporation; M & J Medical Inc., a Colorado corporation; Oliver & Associates; Sunshine Acres, Ltd., a Colorado corporation, Plaintiffs–Appellants,

v.

CITY OF LOUISVILLE, a municipal corporation; John Franklin, individually and in his capacity as Director of Community Development; David Stahl; Annette Brand, individually and in her official capacity as the City Administrator; the City Council of the City of Louisville, including Herman Fauson, John Sackett; Randy Carnival; Marie Szymanski; Margaret Hornbostel; Kevin Howard; Tom Davidson, individually and in their official capacities, Defendants–Appellees.

No. 91–1236.

United States Court of Appeals, Tenth Circuit.

June 29, 1992.

John A. Meininger, of Frascona and Joiner, P.C., Boulder, Colo., for the plaintiffs-appellants.

Edward J. Godin (Steven L. Heisdorffer, with him on the brief), of Weller, Friedrich, Ward & Andrew, Denver, Colo., for defendants–appellees.

Before TACHA, SNEED,* and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Appellants appeal an order of the district court granting appellees' motion to dismiss appellants' first and second claims and remanding the third and final claim to the state court. On appeal, appellants raise four arguments: (1) the district court erred in failing to abstain and to remand all federal issues to the state court; (2) the district court erred in concluding that appellants' allegations did not identify a property interest under Colorado law protected by the United States Constitution; (3) the district court erred by reaching its findings based on insufficient evidence; (4) the district court abused its discretion by refusing to accept appellants' offer of additional information regarding the variance provisions of the zoning ordinance of the City of Louisville and by refusing appellants' amended complaint. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

Before appellant Lehman purchased property in the City of Louisville, Colorado, he consulted several Louisville agents and employees regarding his plans to use the property jointly as a residence and as an office space. Louisville's Director of Community Development allegedly knew how Lehman intended to use the property. He assured Lehman that his proposed use of the property—which included both residential and commercial uses—complied

* The Honorable Joseph T. Sneed, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

with Louisville's zoning ordinances and encouraged Lehman to undertake the project. Relying on these assurances and the assurances of other Louisville officials, Lehman purchased and renovated the property.

On September 26 and 29, 1989, Louisville issued written confirmations that Lehman's intended use of the property was a "use by right." Nevertheless, on October 18, 1989, appellee David Stahl, Louisville's City Administrator, told Lehman that his intended use violated a Louisville zoning ordinance. On October 24, 1989, Lehman received a letter from Stahl confirming that position. Louisville's Municipal Code § 17.08.225 applies to appellants' property and expressly prohibits appellants' proposed commercial use.[1]

The appellants then commenced this action in the state district court for Boulder County, Colorado, against the City of Louisville, Colorado. The state district court granted the appellees' motion to dismiss and then allowed the appellants to amend their complaint. In their amended complaint, appellants added two claims under 42 U.S.C. § 1983 in addition to the equitable estoppel claim contained in the first complaint.

On March 8, 1991, appellees removed this action to the United States District Court for the District of Colorado. Appellees subsequently moved to dismiss appellants' claim under Fed.R.Civ.P. 12(b)(6) because the complaint failed to state a claim upon which relief could be granted. The district court granted appellees' motion on April 30, 1991, and this appeal followed.

**1.** Louisville Municipal Code § 17.08.225 states that "[h]ome occupation means an occupation carried on in the dwelling ... by members of the family occupying the dwelling, with no servant, employee, or other person being engaged." The district court found—and appellants do not dispute—that "it is obvious that people other than members of the property owner's immediate family would be working in the contemplated offices."

**2.** As we noted in *Archuleta v. Colorado Department of Institutions*, 936 F.2d 483 (10th Cir. 1991), "it is not clear what interest is required to trigger substantive due process guarantees. It

## DISCUSSION

██ We exercise de novo review over the district court's dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief could be granted. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). We uphold a dismissal only if it appears that the plaintiff cannot prove any set of facts that support the claims that would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

### I. CONSTITUTIONAL DUE PROCESS CLAIMS

Appellants first argue that they possess a constitutionally protected interest in property under Colorado law. Essentially, appellants assert that their change of position in reliance on the representation of the officials of Louisville created a protected property right under Colorado law. They contend that appellees' actions deprived them of a vested property interest without procedural due process. They also argue that appellees violated their substantive due process rights by arbitrarily depriving them of an interest in property.

██ To succeed on these due process claims under 42 U.S.C. § 1983, appellants must first demonstrate that the actions of the officials in this case created a property interest that warrants due process protection.[2] We stated in *Jacobs, Visconsi & Jacobs v. City of Lawrence*, 927 F.2d 1111 (10th Cir.1991), that "[a] property interest protected by the due process clause results

appears that the Supreme Court has not expressly determined whether all property is entitled to such protection." *Id.* at 489 n. 6 (citing *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985)). We need not define the parameters of property-related substantive due process guarantees because, in the first place, we hold that no property right was created by the appellees' actions, and, in the second place, the property interest asserted by appellants certainly bears "little resemblance to the fundamental interests that previously have been viewed as implicitly protected by the Constitution." *Ewing*, 474 U.S. at 229, 106 S.Ct. at 516 (Powell, J., concurring).

from a legitimate claim of entitlement created and defined 'by existing rules or understandings that stem from an independent source such as state law.'" *Id.* at 1116 (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). Thus, to satisfy this standard, appellants must allege sufficient facts in their amended complaint that give rise to an expectation of a right to use their property as both a residence and an office. *Id.*

▆▆▆ Appellants attempt to base this expectation on an estoppel theory—that reliance to their detriment on certain statements of Louisville officials created a property interest in their proposed use of their property. This contention fails, however, because the facts alleged in the amended complaint do not amount to a claim of estoppel under Colorado law. "A party cannot state a claim for relief under a theory of estoppel against a state or local government entity on the basis of an unauthorized action or promise." *Seeley v. Board of County Comm'rs,* 791 P.2d 696, 701 (Colo.1990). Only the Louisville City Council can "regulate and restrict the ... use of buildings ... for trade, industry, residence or other purposes." Colo.Rev. Stat. § 31–23–301. The officials that spoke with appellants simply lacked the authority to bind the City Council in any way. Appellants contend that Louisville city ordinances empower the zoning administrator to interpret zoning ordinances. *See* Louisville Municipal Code §§ 17.52.040–.050. This contention, however, does not account

for the fact that the zoning administrator is not authorized to alter an established zoning ordinance that appellants' proposed property use clearly violates. Furthermore, appellants' complaint does not allege that the Director of Community Development's representations constitute a reasonable "interpretation" of an existing zoning ordinance.

Additionally, the amended complaint does not allege sufficient facts to justify reliance on the statements made by Louisville officials. Appellants clearly had the resources and the access to the information that would have allowed them to determine that this particular use of the property was not allowed. *See Sandomire v. City and County of Denver,* 794 P.2d 1371 (Colo. App.1990) (plaintiff was not justified in relying on city attorney's assurances when he was aware of established city requirements to the contrary); *Van Pelt v. State Bd. for Community Colleges & Occupational Educ.,* 195 Colo. 316, 577 P.2d 765, 771 (1978) (plaintiff could not show requisite reasonable reliance on college council's recommendation that he be reappointed as dean because "he was charged with knowledge that the [State Board for Community Colleges and Occupational Education] had exclusive hiring authority [by statute] and that any hiring decision would be subject to its approval"). For these reasons, appellants have failed to meet the requirements for estoppel under Colorado law and, therefore, cannot base the existence of a protected property interest on estoppel grounds.[3]

Appellants assert that the district court acted on insufficient evidence and abused

---

**3.** Appellants cite *Jones v. City of Aurora,* 772 P.2d 645 (Colo.App.1988), as support for their estoppel argument. In *Jones,* the court invoked the doctrine of equitable estoppel against a municipality after a city employee informed the plaintiff that a lot plaintiff sought to purchase was appropriately zoned for operation of a large day care center. After the plaintiff purchased the property, a city employee later discovered and informed the plaintiff that city records for the lot contained the wrong address and that the actual address was not zoned for the plaintiff's proposed use. We conclude that *Jones* is not dispositive of the estoppel issue in this case. In *Jones,* the plaintiff did not simply rely, as appellants did in this case, on representations of a

city official; instead the plaintiff in *Jones* requested that the appropriate city employee check the city's zoning records and ordinances. *Id.* at 646. Unlike appellants in this case, the plaintiff in *Jones* did all that he could to assess the zoning designation of the property he planned to purchase. In addition, we note that the plaintiff in *Jones* sought to invoke the doctrine of estoppel only after efforts by the city to rezone the property failed. In this case, on the other hand, appellants do not allege that any attempt has been made to rezone or to obtain a variance as allowed by city ordinances. *See* Louisville Municipal Code §§ 17.48.090, 17.48.-110.

its discretion. Appellants contend that because the district court did not cite specific zoning ordinance variance provisions, the court had neither evidence nor law from which it could derive that a variance provided a remedy. This argument misses the point of the district court's holding. The court stated that "absent a zoning variance granted by the appropriate Louisville authority, the Plaintiffs do not have a legitimate claim." The court clearly focused on whether appellants state some form of entitlement, not whether they have an appropriate remedy. The district court correctly determined that, absent a zoning variance granted by the appropriate Louisville authority, appellants cannot demonstrate justifiable reliance to support the invocation of estoppel doctrines. It follows that because appellants' estoppel argument fails, they cannot prove an entitlement to property.

## II. ABSTENTION

 Appellants argue that the district court should have abstained from this case under either *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) or *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Appellants contend that the issues presented in this case are fundamental and important questions of state law and policy that state courts should be allowed to answer in the first instance. *Burford* abstention arises when a federal district court faces issues that involve complicated state regulatory schemes. Under *Pullman* abstention, a district court should abstain if three conditions are satisfied: (1) an uncertain issue of state law underlies the federal constitutional claim; (2) the state issues are amenable to interpretation and such an interpretation obviates the need for or substantially narrows the scope of the constitutional claim; and (3) an incorrect decision of state law by the district court would hinder important state law policies. *Vinyard v. King*, 655 F.2d 1016, 1018 (10th Cir.1981).

 After reviewing the record in this case and the basis of the district court's opinion, we conclude that abstention under either *Pullman* or *Burford* would be inappropriate. With regard to abstention under *Pullman,* this case simply does not involve uncertain issues of state law. Further, we find that this case does not involve issues concerning a complicated state regulatory scheme mandating abstention under *Burford.* Our determination of whether appellants have a property interest will in no way "upset sensitive state programs." *Vinyard,* 655 F.2d at 1021. Rather, the issues in this case "present[ ] no more than a run-of-the-mill dispute over whether a particular set of facts arises to a property interest." *Id.*

## III. DENIAL OF MOTION FOR LEAVE TO AMEND COMPLAINT

 Finally, appellants also claim that the district court abused its discretion in denying their motion to amend their complaint and to file a second amended complaint addressing the issue of the unconstitutionality of the Governmental Immunity Act amendments of 1986. We can find no abuse of discretion. When the district court properly dismissed appellants' federal law claims, it concluded that it should not take jurisdiction over the remaining state law claim. The district court then remanded the case to the state district court. When the motion to amend the complaint was presented to the federal district court, it no longer had jurisdiction over the action. Thus, the district court properly denied appellants' motion to amend the complaint.

AFFIRMED.