Robert M. SINGER, Plaintiff-Appellant,

v.

Arthur M. STRAUSS, Defendant-Appellee.

No. 92CA0037.

Colorado Court of Appeals, Div. III.

March 11, 1993.

Raymond J. Miller, Denver, for plaintiff-appellant.

Martin D. Brown, Littleton, for defendant-appellee.

Opinion by Justice HODGES *.

Plaintiff, Robert M. Singer, appeals from the summary judgment entered in favor of defendant, Arthur M. Strauss. We reverse and remand with directions.

In November 1989, defendant executed a promissory note for approximately $60,000 which was secured by a deed of trust. In May 1990, defendant made a payment on the note with a check in the amount of $10,900. The check was returned for insufficient funds, and plaintiff submitted a demand for payment in accordance with the bad check statute, § 13–21–109, C.R.S. (1992 Cum.Supp.).

Defendant failed to remit payment, and, in June 1990, plaintiff commenced this action to recover the amount due under the promissory note, the amount of the check, and the statutory treble-damages penalty. In April 1991, while the action was still pending, defendant made a full payment of the principal and interest due under the note. Thereafter, release of the deed of trust was executed by the public trustee on the written request of the plaintiff who stated to the public trustee that the indebtedness secured by the deed of trust had been "fully paid."

Defendant then moved for summary judgment, arguing that his satisfaction of the debt under the promissory note now precluded recovery under any of the plaintiff's claims, including any treble damages penalty under the bad check statute. The court granted the motion, and this appeal followed.

Plaintiff contends the trial court erred in granting summary judgment on his claim under § 13–21–109 for penalty damages because there was no showing by defendant or other facts before the court to indicate that plaintiff's claim for these statutory damages had in any manner been resolved. We agree.

Section 13–21–109, C.R.S. (1992 Cum. Supp.) provides in part as follows:

(1) Any person ... who makes any payment of any obligation ... by means of making any check ... which is not paid upon its presentment is liable to the holder ... for one of the following amounts, at the option of the holder ...

. . . .

(c) An amount as provided in subsection (2) of this section.

(2)(a) If notice of nonpayment on presentment of the check ... has been given in accordance with the provisions of subsections (3) and (4) of this section and the total amount due as set forth in the notice has not been paid within fifteen days after such notice is given, ... the person shall be liable to the holder ... for three times the face amount of the check. . . .

. . . .

(5) No holder ... shall assert that any maker has liability for any amount set forth under subsection (2) of this section unless such liability has been determined by entry of a final judgment by a court of competent jurisdiction.

■ Defendant's motion for summary judgment was premised on the argument that subsection (5) of the statute allows for an award of treble damages only if the maker of a dishonored check is found by a court to be liable on the debt for which the check was tendered as payment. Since the underlying debt to plaintiff was satisfied by the April 1991 payment on the promissory note, defendant claimed that plaintiff was precluded under subsection (5) from recovering any penalty. In addition, defendant asserted that plaintiff's acceptance of the payment on the promissory note constituted an election of remedies barring his claim for the statutory penalty. In our

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

view, defendant's interpretation of § 13–21–109 is erroneous.

The plain language of subsection (5) simply means a holder may not assert that the maker of a dishonored check is liable for the statutory penalty until after a judgment to that effect has been entered. This restriction cannot rationally be construed as limiting subsection (2), which establishes when a maker becomes liable for the statutory penalty. As that subsection indicates, liability for the penalty arises once the maker fails to pay the holder the face amount of the check within fifteen days after the appropriate notice has been given. Payment to the holder after the deadline does not negate this liability, although it would have the effect of partially offsetting the amount of the maker's obligation.

█ Equally without merit is defendant's assertion that plaintiff's claim for treble damages was barred under the doctrine of election of remedies. That doctrine is designed to prevent double recovery by requiring a party to make an election when the remedies sought are inconsistent and contradictory. *Stewart v. Blanning*, 677 P.2d 1382 (Colo.App.1984). The doctrine is therefore inapplicable when, as here, a party seeks only one remedy, *see Jones v. City of Aurora*, 772 P.2d 645 (Colo.App.1988), or when an offset in the amount of the final judgment will prevent a double recovery. *See Sims v. Sperry*, 835 P.2d 565 (Colo. App.1992).

As to plaintiff's claim against the defendant for damages under § 13–21–109, there remains a genuine and unresolved issue as to a material fact regarding defendant's statutory liability. Summary judgment is thus precluded.

The judgment is reversed, and the cause is remanded with directions to reinstate plaintiff's claim under § 13–21–109.

CRISWELL and NEY, JJ., concur.