The GROUP, INC., Plaintiff–Appellee,

v.

Judith A. SPANIER, Defendant–Appellant.

No. 96CA1330.

Colorado Court of Appeals, Div. V.

June 26, 1997.

No Appearance for Plaintiff–Appellee.

Daniel W. Alexander, Fort Collins, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

In this action to collect on a check returned because of insufficient funds, defendant, Judith A. Spanier, appeals the summary judgment in favor of plaintiff, the Group, Inc. (Group). We reverse and remand with directions.

Group was the listing broker for a real estate transaction in which Spanier was buy-

er. Spanier sent a $10,000 check to Group as an earnest money deposit. Without waiting for Spanier's check to clear, Group sent its own check for $10,000 to seller. Spanier's check did not clear and the real estate transaction was never completed.

Later, Group served Spanier with a written notice that her check had failed to clear, and it demanded payment pursuant to § 13–21–109, C.R.S. (1996 Cum.Supp.). Group's notice claimed that the following amounts were payable as a result of the returned check: (1) the $10,000 face value of Spanier's check; (2) a $20 returned check charge; and (3) $175 in collection/attorney fees. The notice listed the total amount due as $10,195.

The notice also contained an advisement that, if Spanier failed to pay the amount listed within fifteen days, she could be found liable for three times the face amount of the check, plus attorney fees and costs.

When Spanier failed to pay within fifteen days, Group filed this action in which it sought, pursuant to § 13–21–109(2)(a), C.R.S. (1996 Cum.Supp.), an award of damages equal to three times the face value of the check. The trial court granted Group's motion for summary judgment and awarded it three times the face amount of the check, plus attorney fees and costs.

Spanier contends the trial court erred in determining that: (1) she had waived her right to assert defects in the notice by failing to inform Group of such alleged defects within fifteen days after receipt of the notice; and (2) the notice sent by Group was sufficient under § 13–21–109(4), C.R.S. (1996 Cum.Supp.). We agree with both contentions.

### I. Strict Compliance

As pertinent here, § 13–21–109(1), C.R.S. (1996 Cum.Supp.) provides that a person who obtains money, merchandise, property, or other thing of value, or who makes any payment of any obligation by means of making any check which is not paid upon its presentment (a dishonored check), is liable to the holder of such check for the face value of the check plus additional charges permitted under the statute.

Section 13–21–109(2)(a), C.R.S. (1996 Cum. Supp.) further authorizes a holder or assignee of a dishonored check to file a civil action for three times the face value of the check. However, before bringing such an action, the holder or assignee of the check must provide notice to the maker of the check in the manner prescribed in §§ 13–21–109(3) and 13–21–109(4), C.R.S. (1996 Cum.Supp.). The notice must inform the maker of the check that he or she has fifteen days to pay the amount due or risk liability for treble damages.

Section 13–21–109(4) specifies that the contents of the notice must include the date the check was issued; the name of the bank, depository, person, firm, or corporation on which it was drawn; the name of the payee; the face amount; and a statement of the total amount due, which shall be itemized and shall not exceed the amount permitted under the statute.

■ Failure to comply with these statutory notice provisions precludes the collection of treble damages. *See* § 13–21–109(2), C.R.S. (1996 Cum.Supp.); *Stadler v. Devito,* 931 P.2d 573 (Colo.App.1996).

■ In determining whether a statutory notice requirement has been satisfied, courts require a degree of compliance consistent with the objective sought to be achieved by the legislation under consideration. *Woodsmall v. Regional Transportation District,* 800 P.2d 63 (Colo.1990) (discussing whether strict or substantial compliance with notice statute is required under the Colorado Governmental Immunity Act).

■ Strict compliance leaves no margin for error and even technical deficiencies may be unacceptable. Substantial compliance is less than absolute, but still requires a significant level of conformity. *Woodsmall v. Regional Transportation District, supra.*

■ We conclude that strict compliance with the notice requirements of § 13–21–109(4) is necessary for two reasons.

First, the language of § 13–21–109 indicates that it was enacted to discourage "bad" checks and to encourage the prompt resolution of disputes involving dishonored checks.

The statute advances this purpose by permitting civil actions for treble damages if the maker of a dishonored check fails to pay the amount due within fifteen days after notice is given. The treble damages provision in § 13–21–109(2)(a) creates a penalty if the maker fails to make timely payment and is not intended purely to compensate the holder or assignee of a dishonored check. *See Singer v. Strauss,* 851 P.2d 256 (Colo.App.1993).

Such a penalty is analogous to a forfeiture. *Cf. People v. Maestas,* 748 P.2d 1351 (Colo. App.1987) (strict compliance with statutory terms is required before forfeiture of bond may occur), *aff'd sub nom. Moreno v. People,* 775 P.2d 1184 (Colo.1989).

Secondly, § 13–21–109 does not specify the procedure which the maker of a dishonored check must use to contest the validity or sufficiency of the notice given by the holder or assignee of the check. Nor does it specify how the maker must raise other defenses to the treble damages penalty. *Cf.* 15 U.S.C. § 1692g(a)(3) (1994) (Fair Debt Collection Practices Act requires that notice of debt be given to consumer and that notice contain statement informing consumer of right to dispute the debt or any portion thereof within thirty days after receipt of notice); and § 12–14–109(1)(d), C.R.S. (1991 Repl.Vol. 5A) (Colorado Fair Debt Collection Practices Act, containing equivalent language).

Thus, the maker of a dishonored check who disputes the amount due or who has other defenses is left with difficult choices. The maker may pay the entire amount listed in the notice within fifteen days, even if erroneous, and then attempt to obtain reimbursement of any amounts in excess of the actual amount owed. However, the maker risks incurring substantial expenses, including litigation costs, while attempting to recover the disputed amount.

Alternatively, the maker may withhold all of the payment, or at least the disputed portion of the total amount claimed, but risk liability to the holder or assignee for "three times the face amount of the check" under § 13–21–109(2)(a), as well as attorney fees and costs under § 13–21–109(6), C.R.S. (1996 Cum.Supp.). *See Singer v. Strauss, supra* (failure to pay entire amount owed within

statutory period gives rise to liability for treble damages even if the entire amount is paid after the period has elapsed). The plain language of the statute appears to penalize both non-payment and partial payment.

Thus, a maker who withholds even a small portion of the total amount claimed by the holder or assignee of the check risks liability for three times the face amount of the check, as well as attorney fees and costs. *But cf. Turner v. Lyon,* 189 Colo. 234, 539 P.2d 1241 (1975) (if landlord does not return security deposit within seven-day notice requirement specified by statute, penalty provision allowing treble damages attaches only to that portion of the money wrongfully retained plus attorney fees and costs).

Statutes in derogation of the common law must be construed strictly. *Leader Federal Bank v. Saunders,* 929 P.2d 1343 (Colo.1997). We also presume the General Assembly intended legislation to have just and reasonable results and we construe and apply statutes accordingly. *Westminster v. Dogan Construction Co.,* 930 P.2d 585 (Colo.1997).

We therefore hold that the holder or assignee of a check who fails strictly to comply with the statutory notice requirements is precluded from obtaining treble damages under § 13–21–109(2)(a). Accordingly, if a charge listed in the notice is erroneous, the notice is defective as a matter of law. *Cf. Stadler v. Devito, supra; Postlewait v. Midwest Barricade,* 905 P.2d 21 (Colo.App.1995) (strict compliance is required with notice provision of workers' compensation statute). This does not affect the rights of a holder or assignee of a dishonored check to obtain relief under other applicable portions of the statute.

## II. Waiver

■ The trial court did not determine whether Group had strictly complied with the notice requirement. Rather, it concluded that Spanier had waived her right to dispute portions of the notice because she had failed to object within fifteen days after receiving notice. More specifically, the court construed § 13–21–109 as requiring the maker of a dishonored check to object within the

fifteen-day period to any disputed charges itemized in the notice provided by a holder or assignee and ruled that, absent such objection, the notice was presumed valid.

Spanier asserts the trial court erred in determining that she had waived the right to contest the notice. We agree.

As noted, both the federal Fair Debt Collections Practices Act and the Colorado Fair Debt Collection Practices Act contain specific language requiring that a debtor be notified of the right to protest a debt within a particular period and the manner in which to do so. In contrast, § 13–21–109 does not require the maker of the check to dispute the amount due within a set time or establish a presumption that notice is valid absent such a protest by the maker.

We thus conclude that Spanier was entitled to raise her arguments regarding the sufficiency of the notice before the trial court in a responsive pleading and, therefore, that she did not waive her right to do so here.

### III. Sufficiency of Notice

We next address Spanier's contention that Group's notice was defective as a matter of law because it contained impermissible charges, including a $175 collection fee for attorney fees incurred in attempting to collect on the check. Spanier relies on § 13–21–109(4)(e), C.R.S. (1996 Cum.Supp.), which states that notice given to the issuer of a check include an itemized statement of the total amount due *which cannot exceed the charges permissible under the statute.* She asserts that the collection fee here was not a charge "permissible under the statute" because § 13–21–109(1)(b)(II), C.R.S. (1996 Cum.Supp.) authorizes collection costs only when the check is turned over to a licensed collection agency. We agree.

Section 13–21–109(1), C.R.S. (1996 Cum. Supp.) provides in pertinent part that the issuer of a check is liable to the holder of the check for:

(b) An amount equal to the face amount of the check ... and:

. . . .

(II) If the check ... has been assigned for collection *to a person licensed as a collection agency* ... as costs of collection, twenty percent of the face amount of the check, draft, or order but not less than twenty dollars .... (emphasis added)

Although § 12–14–103(2)(e)(II), C.R.S. (1996 Cum.Supp.) provides that attorneys who "regularly engage in the collection or attempted collection of debts within this state" are considered "collection agencies" under Colorado law, such attorneys are exempt from the collection agency licensing requirements. Hence, under the plain language of these statutes, an attorney is not a "person licensed as a collection agency."

Strict construction of the statute advances an important purpose of § 13–21–109, which is to encourage the prompt payment and collection of dishonored checks. Consumers will have difficulty determining whether requested attorney fees are correct because such fees are subject to wide variations. In contrast, fees by licensed collection agencies should be easily ascertainable and, in any event, the General Assembly has specified that such fees cannot exceed twenty percent of the face amount of the check. *See* § 13–21–109(1)(b)(II). *See People ex rel. Marks v. District Court,* 161 Colo. 14, 420 P.2d 236 (1966) (courts should not interpret laws to mean what they do not express). *See also* § 13–21–109(6) (expressly permitting prevailing party to recover "court costs and reasonable attorney fees" in a civil action arising under § 13–21–109).

Even if we were to apply a more liberal interpretation of the statute, attorney fees would be permitted as collection costs only if the attorney "regularly engage[s] in the collection or attempted collection of debts within this state." Section 12–14–103(2)(e)(II). Under such an interpretation, a fact question regularly would arise as to whether the attorney was so engaged, again delaying the proceedings and defeating the purpose of the statute.

Nothing in this opinion prevents the holder or assignee of a dishonored check from retaining an attorney for collection purposes or

from pursuing attorney fees under other portions of the statute. We simply conclude that attorney fees are not "collection costs" under § 13–21–109(1)(b)(II).

In summary, we hold that Group's notice to Spanier was defective as a matter of law because it included within the total amount due a charge that was not permissible under §§ 13–21–109(1)(b)(II) and 13–21–109(4)(e). Thus, Spanier was not obligated to pay the total amount demanded in Group's notice within fifteen days, and Group was not entitled to an award of three times the face amount of the check under § 13–21–109(2)(a).

The judgment for $31,792.90 is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

RULAND and TAUBMAN, JJ., concur.